1  JOSEPH L. GOLDEN, ESQ. (S.B.N. 61293)
   LAW OFFICE OF JOSEPH L. GOLDEN
2  1801 Century Park East, 24th Floor
   Los Angeles, California 90067-2302
3  Telephone: (310) 556-9666
   Telecopier: (310) 556-9625
4  Email: jlgoldenesq@verizon.net

5  Attorney for Plaintiffs

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                          (Western Division)

11  JEAN-JACQUES PERREY, et. al.,      )   Case No. CV-09-6508 FMC (RZx)
12                                     )
              Plaintiffs,              )   DISCOVERY MATTER
13                                     )
         v.                            )   Hearing Date: Nov. 16, 2009
14                                     )   Time: 10:00 a.m.
    TELEVISA, S.A. DE C.V., etc., et.  )
15  al.,                               )   DECLARATION OF JOSEPH L.
                                       )   GOLDEN IN SUPPORT OF MOTION
16            Defendants.              )   TO MODIFY SUBPOENA SERVED
                                       )   ON UPIP
17  _____)
                                           Referred to the Honorable Ralph
18                                         Zarefsky, Courtroom 540

19                                         Action filed:    September 8, 2009

20                                         Discovery Cutoff date, Pretrial
                                           Conference date and Trial date:  Not set
21
                                           Scheduling Order Not Yet Issued
22

23         I, JOSEPH L. GOLDEN, hereby declare and state as follows:

24

25         1.     I am over the age of 18. I am the attorney of record for plaintiffs Jean-

26  Jacques Perrey, Gershon Kingsley, Robert Breuer, Anthony Breuer, Frances Breuer and

27  Sylvain Meunier. I have direct and personal knowledge of the facts set forth below and

28

    Golden Declaration                        1

1  could competently testify about those facts if called as a witness. I make this declaration

2  pursuant to 28 U.S.C. § 1746 in support of their Motion to Modify the September 17,

3  2009 subpoena duces tecum that defendant Univision Communications, Inc.

4  ("Univision") served on third party Universal - Polygram Music Publishing, Inc. in this

5  action.

6        2.    A true and correct copy of the September 17, 2009 subpoena duces tecum

7  directed to Universal - Polygram International Publishing, Inc. ("UPIP subpoena") that

8  was served on me is attached hereto as Exhibit 1.

9        3.    A true and correct copy of the Objections of Universal-Polygram

10  International Publishing, Inc. to Subpoena in a Civil Case that UPIP served on me is

11  attached hereto as Exhibit 2.

12        4.    A true and correct copy of the complaint in this action, filed on September

13  8, 2009, is attached hereto as Exhibit 3.

14        5.    A privilege log listing the documents contained in my files that are called

15  for by category nos. 1, 4, 6 and 7 of the UPIP subpoena is attached hereto as Exhibit 4.

16  I do not know if the documents listed on this log are all the documents in UPIP's files

17  that are called for by these categories of the subpoena because I have not reviewed

18  UPIP's documents. The listed documents should be substantially all the documents and

19  should give this Court a sufficient factual basis on which to rule on my clients'

20  objections.

21        6.    A true and correct copy of the 1968 recording agreement between

22  Vanguard Recording Society, Inc. and Jean-Jacques Perrey, including the form

23  songwriter agreement referred to in ¶ 22 of that agreement, is attached hereto as Exhibit

24  5.

25        7.    Plaintiff Jean-Jacques Perrey engaged me to represent his interests and

26  pursue his claims against any and all responsible parties on May 30, 2008 following an

27  exchange of emails and a telephone discussion with his daughter and business manager,

28

1   Patricia Leroy. The other plaintiffs engaged me on various dates after that.

2         8.    By letters dated May 30, 2008, and sent by telecopier on the same day to

3   Grupo Televisa, S.A., Univision Communications, Inc. Galavision, Inc. and Xenon

4   Pictures, Inc.,  I placed them on notice of my clients' claims and invited them to enter

5   into a tolling agreement so that the issues could be discussed before I filed a lawsuit.

6         9.    The attorneys now representing Univision and Galavision, Inc.

7   ("Galavision") contacted me after those letters were sent, and we negotiated the terms

8   of a tolling agreement. That agreement is effective May 30, 2008 and provides, in part,

9   as follows:

10        "To the fullest extent permissible by law, commencing as of the Tolling

11        Date, any statutes of limitations, claims of laches or other time limitations,

12        bar or restriction on any and all claims that Perrey has or might otherwise

13        have against Televisa [, S.A. de C.V.], Univision, Galavision and Xenon

14        [Pictures, Inc.], or any of them, which are related to Perrey's alleged rights

15        in the copyright compositions identified in paragraph 2, are hereby

16        suspended from the Tolling Date to the Termination Date (as defined

17        below). The time during which this Tolling Agreement is effective shall

18        not be included in any calculation of any period covered by any such

19        statute of limitations or the doctrine of laches, and will not be asserted as

20        a defense in any future litigation or arbitration between the parties to this

21        Tolling Agreement."

22        The agreement defines the Tolling Date to be May 30, 2008.

23        10.    I later placed UPIP on notice of my representation and of my client's claims

24  and intention to pursue them. I did so by way of the communication listed as Document

25  No. 1 on the privilege log.

26        11.    I, on behalf of my clients, and Messrs Kim and Ruga on behalf of Televisa,

27  Univision, Galavision and Xenon, devoted the next 15 months to an attempt to resolve

28

Golden Declaration               3

the disputes without litigation. During that time, we sent each other many letters and emails which discussed our respective clients' positions, including the factual and legal issues related to defendants' belief that the claims were time-barred. We also had several face to face meetings during which our positions were discussed in detail. Documents were exchanged as part of that process. Our clients participated in two full day mediations before two different private mediators. We exchanged mediation statements and mediation exhibit binders as part of the second mediation. My clients' mediation statement is 23 pages long and discusses my clients' claims and the defendants' asserted defenses in detail. The exhibit binder contains 13 exhibits. As Mr. Ruga noted in an email to me after the lawsuit was filed, "[t]he parties' respective positions have been ventilated ad naseum [sic]. . . ." during the mediations. A true and correct copy of that email is attached hereto as Exhibit 6.

12.    In late May, 2009, approximately two weeks before the second of the mediations was to take place, Scott Bauman, Esq., Vice President and Litigation Counsel of Universal Music Group, advised me that Televisa, S.A. de C.V. had approached UPIP to obtain a license to cover the compositions and to settle whatever claims UPIP might have with respect to past uses. Beginning at that time and continuing through the summer, Mr. Bauman and I exchanged emails and other correspondence, and had several telephone conversations, about my clients' claims, the defenses that had been asserted, UPIP's potential claims and the defenses that might be asserted against them, and the ramifications of any agreement between UPIP and Televisa. Following the second, unsuccessful mediation and with defendants' knowledge, Mr. Bauman and I discussed and corresponded about the possibility of UPIP and plaintiffs entering into a global settlement with the defendants. During one of the telephone conversations that I had with Mr. Bauman, we agreed that any and all communications between us would be held in confidence and not disclosed to any of the defendants.

13.    After the lawsuit was filed, Mr. Ruga and I stipulated pursuant to Rule

26(d)(1), F.R.Civ.P., to begin discovery before the Rule 26(f) meeting. Pursuant to that stipulation, Mr. Ruga served sets of Requests for Admissions, Interrogatories and Requests for Production on each of my clients. Attached hereto as Exhibits 7, 8 and 9, are true and correct copies of the following written discovery:

Exhibit 7:   Univision's First Requests for Admissions to Jean-Jacques Perrey;

Exhibit 8:   Univision's First Interrogatories to Jean-Jacques Perrey;

Exhibit 9:   Univision's First Requests for Production to Jean-Jacques Perrey;

The written discovery served on the other plaintiffs is substantially the same as that served on Perrey. Perrey will have served his written responses to this discovery and produced copies of the unprivileged documents responsive to the Requests for Production that he has located by the time this motion is heard.

14.   Perrey is 80 years old and Gershon Kingsley is 87. Counsel for Univision and Galavision and I have agreed to have their depositions taken on November 5-6 (Kingsley) and November 9-10 (Perrey). Perrey and Kingsley are the only surviving co-writers of the compositions at issue in this case. The other plaintiffs are the other co-writers' children. Plaintiffs also have agreed to produce Ms. Leroy, Perrey's daughter and business manager, for deposition on November 11.

15.   Thus either through the written discovery they have served on plaintiffs or through these depositions, Univision will obtain discovery of plaintiffs' knowledge that is relevant to the claims alleged and the defenses that will be asserted, including but not limited to the creation of the compositions, whether they were works for hire, and when plaintiffs discovered the uses of the compositions were not licensed by UPIP or its predecessors in interest (the owners of the legal interests in the copyrights).

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 19, 2009.

Joseph L. Golden

EXHIBIT 1

AO88 (Rev. 12/06) Subpoena in a Civil Case

### Issued by the

# UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

JEAN-JACQUES PERREY, et al.

V.

TELEVISA, S.A. DE C.V., et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] CV09-6508 FMC (RZx)

TO:
Universal  - Polygram International Publishing, Inc.
10 Universal City Plaza, 111, Universal City, CA 91608

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Exhibit "A" attached hereto.

| PLACE | DATE AND TIME |
|---|---|
| Steptoe & Johnson, LLP 2121 Avenue of the Stars, Suite 2800, Los Angeles, CA 90028 | October 15, 2009 at 9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorneys for defendant Univision Communications Inc. | 9/17/2009 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Dylan Ruga, Steptoe & Johnson LLP          Telephone (310) 734-3200
2121 Avenue of the Stars, Suite 2800, Los Angeles, CA  90028

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

American LegalNet, Inc.
www.FormsWorkflow.com

[1] If action is pending in district other than district of issuance, state district under case number.

## EXHIBIT "A"

## DEFINITIONS AND INSTRUCTIONS

1.     The terms "YOU," "YOUR," or "UPIP" mean Universal – Polygram International Publishing, Inc. and all of its parents, subsidiaries and related companies.

2.     The term "PERREY" means Jean-Jacques Perrey and any persons or entities acting on behalf of PERREY.

3.     The term "KINGSLEY" means Gershon Kingsley and any persons or entities acting on behalf of KINGSLEY.

4.     The term "BREUER" means Harry Breuer and any persons or entities acting on behalf of BREUER, including but not limited to Robert Breuer, Anthony Breuer and Frances Breuer.

5.     The term "BOUILLON/MEUNIER" means Fernand Bouillon and any persons or entities acting on behalf of Fernand Bouillon, including but not limited to Sylvain Meunier.

6.     The term "BRATMAN/CARROLL" means Gary Bratman (aka Gary Carroll) and any persons or entities acting on his behalf.

7.     The term "COMPOSERS" means collectively PERREY, KINGSLEY, BREUER, BOUILLON/MEUNIER and BRATMAN/CARROLL.

8.     The term "WELK" means The Welk Group, Inc. and any persons or entities acting on behalf of WELK, including but not limited to Peter Anderson.

9.     The term "BAROQUE HOEDOWN" shall mean the musical composition for the song "Baroque Hoedown."

10.     The term "COUNTRY ROCK POLKA" shall mean the musical composition for the song "Country Rock Polka."

11.     The term "AN ELEPHANT NEVER FORGETS" shall mean the musical composition for the song "An Elephant Never Forgets."

12.     The term "COMPOSITIONS" shall mean collectively BAROQUE HOEDOWN, COUNTRY ROCK POLKA, and AN ELEPHANT NEVER FORGETS.

13.     The terms "DOCUMENT" or "DOCUMENTS" mean any recorded communication, representation or writing as defined by the Federal Rules of Evidence and the Federal Rules of Civil Procedure.  It specifically includes, but is not limited to, any and all memoranda, letters, notes, telegrams, publications, contracts, records, papers, books, recordings on tape, magnetic discs, wire or drums, checks, computer files, **electronic mail**, drafts, money orders, worksheets, working papers, notebooks, diaries, calendars, graphs, charts, screenplays, treatments, business records of all kinds, and similar writings, whether or not in YOUR possession or under YOUR control, no matter how prepared, or by whom, which relate to or pertain in any manner to the subject matter of the request, and all drafts or copies (including non-identical copies) prepared in connection with such DOCUMENTS, whether used or not.

14.     The term "COMMUNICATIONS" means any contact between two or more persons or entities, including, without limitation, written contact by such means as letters, memoranda, reports, computer transmissions, electronic mail, telegrams, telexes, fax messages, and oral contact by such means as meetings and telephone conversations.

15.     The time frame of these requests is limited to January 1, 2000 to the present.

2

## DOCUMENTS TO BE PRODUCED

1.      All DOCUMENTS that evidence, reflect, or refer to COMMUNICATIONS, by and between UPIP and the COMPOSERS or anybody acting on behalf of the COMPOSERS (including, but not limited to Patricia Leroy or Joseph Golden), regarding alleged infringement of any of the COMPOSITIONS.

2.      All DOCUMENTS that evidence, reflect, or refer to COMMUNICATIONS, by and between UPIP and WELK or anybody acting on behalf of WELK (including, but not limited to Peter Anderson), regarding alleged infringement of any of the COMPOSITIONS.

3.      All DOCUMENTS, including but not limited to royalty statements, that evidence, reflect, or refer to payments made by UPIP to any of the COMPOSERS.

4.      All DOCUMENTS that evidence, reflect, or refer to COMMUNICATIONS, by and between UPIP and the COMPOSERS or anybody acting on behalf of the COMPOSERS (including, but not limited to, Joseph Golden), regarding UPIP's potential or actual participation in the lawsuit captioned *Jean-Jacques Perrey, et al. v. Televisa, S.A. de C.V., et al.,* United States District Court Case No. CV 09-6508 FMC (RZx).

5.      All DOCUMENTS that evidence, reflect, or refer to COMMUNICATIONS, by and between UPIP and WELK or anybody acting on behalf of WELK (including, but not limited to, Peter Anderson), regarding UPIP's potential or actual participation in the lawsuit captioned *The Welk Group, Inc., et al. v. Televisa, S.A. de C.V., et al.,* Los Angeles Superior Court Case No. SC 088611.

6.      All DOCUMENTS that evidence, reflect, or refer to COMMUNICATIONS, by and between UPIP and the COMPOSERS or anybody acting on behalf of the COMPOSERS, regarding any potential settlement of claims arising out of alleged infringement of the COMPOSITIONS.

7.      All DOCUMENTS that evidence, reflect, or refer to any alleged infringement of the COMPOSITIONS.

3

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                            DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
   (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
   (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
   (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
   (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
      (i) fails to allow reasonable time for compliance;
      (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
      (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) If a subpoena
      (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
      (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
      (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
   (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
   (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
   (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
   (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
   (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
   (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

American LegalNet, Inc.
www.FormsWorkflow.com

Exhibit 1, Page 11

EXHIBIT 2

1  JoAn H. Cho (State Bar No. 186234)
2  2220 Colorado Avenue
   Santa Monica, California  90404
   Telephone:(310) 865-5000
3  Facsimile: (310) 865-2646

4  Attorney for Third-Party
   Universal – PolyGram International Publishing, Inc.

5

6

7

8                UNITED STATES DISTRICT COURT

9          FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11  JEAN-JACQUES PERREY, et al.     )   Case No. CV09-6508 FMC (RZx)
                                    )
12              Plaintiffs,         )   **OBJECTIONS OF UNIVERSAL –**
                                    )   **POLYGRAM INTERNATIONAL**
13       vs.                        )   **PUBLISHING, INC. TO SUBPOENA**
                                    )   **IN A CIVIL CASE**
14  TELEVISA, S.A. DE C.V., et al    )
                                    )
15              Defendants.         )
                                    )
16  ————————————————————

17

18       Third-party witness Universal – PolyGram International Publishing, Inc.

19  ("Universal') hereby objects to the Subpoena in a Civil Case, dated September 17,

20  2009, issued by attorneys for defendants (the "Subpoena"), on the grounds set forth

21  below.

22

23                  **GENERAL OBJECTIONS**

24       Universal objects to the Subpoena on the ground that it fails to provide a

25  reasonable time in which to comply with its requests and would impose an undue

26  burden and expense upon Universal.  Universal also objects to the requests

27  contained the Subpoena to the extent they seek documents and information

28  protected by the attorney-client privilege, attorney work product doctrine, joint

                            - 1 -
          OBJECTIONS OF UNIVERSAL MUSIC GROUP TO SUBPOENA

defense and/or common interest privilege, right to privacy and any other privilege or protection.

## OBJECTIONS TO "DEFINITIONS AND INSTRUCTIONS"

Universal objects to the definitions of "YOU" and "YOUR" or "UPIP" on the ground that they are vague, ambiguous, overbroad and unintelligible in that they fail to identify adequately the witness(es) to which they are intended to refer. Universal also objects to the definition to the extent it purports to require Universal to provide documents beyond its own possession, custody or control.

Universal objects to the definitions of "PERREY," "KINGSLEY", "BREUER", "BOUILLON/MEUNIER," "BRATMAN/CARROLL" and "WELK" on the ground that they are vague, ambiguous, overbroad and unintelligible to the extent that they fail to identify adequately the persons or entities to which they are intended to refer.

Universal objects to the definition of "DOCUMENT(S)" to the extent it purports to require Universal to undertake obligations not imposed by the Federal Rules of Civil Procedure, including to the extent that it to the extent it purports to require Universal to provide documents beyond its own possession, custody or control, and would impose an undue burden upon Universal.

## OBJECTIONS TO REQUESTS FOR PRODUCTION

**Request No. 1:**

All DOCUMENTS that evidence, reflect, or refer to COMMUNICATIONS, by and between UPIP and the COMPOSERS or anybody acting on behalf of the COMPOSERS (including, but not limited to Patricia Leroy or Joseph Golden), regarding alleged infringement of any of the COMPOSITIONS.

**Objections to Request No. 1:**

Universal incorporates the various objections set forth above.  In addition to and without waiving the foregoing objections, Universal objects as follows: Universal objects to the request on the ground that it is overbroad and unduly burdensome, seeks documents and information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, seeks documents which contain confidential business information, and seeks documents protected by the attorney-client privilege, the attorney work product doctrine, joint defense and/or common interest privilege and/or other privileges.

**Request No. 2:**

All DOCUMENTS that evidence, reflect, or refer to COMMUNICATIONS, by and between UPIP and WELK or anybody acting on behalf of WELK (including, but not limited to Peter Anderson), regarding alleged infringement of any of the COMPOSITIONS.

**Objections to Request No. 2:**

Universal incorporates the various objections set forth above.  In addition to and without waiving the foregoing objections, Universal objects as follows: Universal objects to the request on the ground that it is overbroad and unduly burdensome, seeks documents and information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, seeks documents which contain confidential business information, and seeks documents protected by the attorney-client privilege, the attorney work product doctrine, joint defense and/or common interest privilege and/or other privileges.

**Request No. 3:**

All DOCUMENTS, including but not limited to royalty statements, that evidence, reflect, or refer to payments made by UPIP to any of the COMPOSERS.

- 3 -

OBJECTIONS OF UNIVERSAL MUSIC GROUP TO SUBPOENA

**Objections to Request No. 3:**

Universal incorporates the various objections set forth above. In addition to and without waiving the foregoing objections, Universal objects as follows: Universal objects to the request on the ground that it is overbroad and unduly burdensome, seeks documents and information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, seeks documents which contain confidential business information, and seeks documents protected by the attorney-client privilege, the attorney work product doctrine, joint defense and/or common interest privilege and/or other privileges.

**Request No. 4:**

All DOCUMENTS that evidence, reflect, or refer to COMMUNICATIONS, by and between UPIP and the COMPOSERS or anybody acting on behalf of the COMPOSERS (including, but not limited to, Joseph Golden), regarding UPIP's potential or actual participation in the lawsuit captioned *Jean-Jacques Perrey, et al. v. Televisa, S.A. de C.V. et al.,* United States District Court Case No. CV 09-6508 FMC (RZx).

**Objections to Request No. 4:**

Universal incorporates the various objections set forth above. In addition to and without waiving the foregoing objections, Universal objects as follows: Universal objects to the request on the ground that it is overbroad and unduly burdensome, seeks documents and information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, seeks documents which contain confidential business information, and seeks documents protected by the attorney-client privilege, the attorney work product doctrine, joint defense and/or common interest privilege and/or other privileges.

**Request No. 5:**

All DOCUMENTS that evidence, reflect, or refer to COMMUNICATIONS, by and between UPIP and WELK or anybody acting on behalf of WELK (including, but not limited to, Peter Anderson), regarding UPIP's potential or actual participation in the lawsuit captioned *The Welk Group, Inc. et al., v. Televisa, S.A. de C.V., et al.,* Los Angeles Superior Court Case No. SC 088611.

**Objections to Request No. 5:**

Universal incorporates the various objections set forth above.  In addition to and without waiving the foregoing objections, Universal objects as follows: Universal objects to the request on the ground that it is overbroad and unduly burdensome, seeks documents and information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, seeks documents which contain confidential business information, and seeks documents protected by the attorney-client privilege, the attorney work product doctrine, joint defense and/or common interest privilege and/or other privileges.

**Request No. 6:**

All DOCUMENTS that evidence, reflect, or refer to COMMUNICATIONS, by and between UPIP and the COMPOSER, regarding any potential settlement of claims arising out of alleged infringement of the COMPOSITIONS.

**Objections to Request No. 6:**

Universal incorporates the various objections set forth above.  In addition to and without waiving the foregoing objections, Universal objects as follows: Universal objects to the request on the ground that it is overbroad and unduly burdensome, seeks documents and information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, seeks documents which contain confidential business information, and seeks documents

- 5 -

protected by the attorney-client privilege, the attorney work product doctrine, joint defense and/or common interest privilege and/or other privileges.

**Request No. 7:**

All DOCUMENTS that evidence, reflect, or refer to any alleged infringement of the COMPOSITIONS.

**Objections to Request No. 7:**

Universal incorporates the various objections set forth above.  In addition to and without waiving the foregoing objections, Universal objects as follows: Universal objects to the request on the ground that it is overbroad and unduly burdensome, seeks documents and information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, seeks documents which contain confidential business information, and seeks documents protected by the attorney-client privilege, the attorney work product doctrine, joint defense and/or common interest privilege and/or other privileges.

Dated:  October 2, 2009

By:  _____

JoAn H. Cho
Attorney for Universal - PolyGram
International Publishing, Inc.

- 6 -

## **PROOF OF SERVICE**

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

    I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 2220 Colorado Avenue, Santa Monica, California 90404.

    On October 2, 2009, I served the foregoing document described as OBJECTIONS OF UMG RECORDINGS, INC. AND UMG RECORDINGS SERVICES, INC. TO SUBPOENAS IN A CIVIL CASE by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

    Dylan Ruga
    Steptoe & Johnson LLP
    2121 Avenue of the Stars, Suite 2800
    Los Angeles, CA  90028

    (BY MAIL) I deposited such envelope in the mail at Santa Monica, California.  I am readily familiar with the company's practice of collection and processing of correspondence for mailing with the United States Postal Service.  It is deposited with the United States Postal Service on that same day in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after deposit for mailing in this declaration.

    Executed on October 2, 2009, at Santa Monica, California.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

                    _Sandra Prince_
                    Sandra Prince

Exhibit 2, Page 18

EXHIBIT 3

FILED

1   JOSEPH L. GOLDEN, ESQ. (S.B.N. 61293)
    LAW OFFICE OF JOSEPH L. GOLDEN
2   1801 Century Park East, 24ᵗʰ Floor          2009 SEP -8 PM 2:47
    Los Angeles, California 90067-2302
3   Telephone: (310) 556-9666                  CLERK U.S. DISTRICT COURT
    Telecopier: (310) 556-9625                 CENTRAL DIST. OF CALIF.
4   Email: jlgoldenesq@verizon.net                    LOS ANGELES

5   Attorney for Plaintiffs                    BY _____

6

7

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10                    (Western Division)

11
    JEAN-JACQUES PERREY,          )   Case No. CV09-6508 FMC (RZx)
12  GERSHON KINGSLEY, ROBERT      )
    BREUER, ANTHONY BREUER,       )   COMPLAINT FOR:
13  FRANCES BREUER and SYLVAIN    )
    MEUNIER                       )   1.   COPYRIGHT INFRINGEMENT
14                                )
              Plaintiffs,         )   2.   VIOLATION OF MORAL
15                                )        RIGHTS UNDER MEXICAN LAW
          v.                      )
16                                )   3.   BREACH OF CONTRACT
    TELEVISA, S.A. DE C.V., a     )
17  Mexican corporation, UNIVISION )
    COMMUNICATIONS INC., a        )   DEMAND FOR JURY TRIAL
18  Delaware corporation,         )
    GALAVISION, INC., a Delaware  )
19  corporation, XENON PICTURES,  )
    INC., a California corporation, )
20  LIONS GATE ENTERTAINMENT,     )
    INC., a California corporation, and )
21  DOES 1 through 10,            )
                                  )
22            Defendants.         )
                                  )
23  _____)

24

25          Plaintiffs Jean-Jacques Perrey ("Perrey"), Gershon Kingsley ("Kingsley"),

26  Robert  Breuer ("R. Breuer") Anthony Breuer ("A. Breuer"), Frances Breuer ("F.

27  Breuer") and Sylvain Meunier ("Meunier"), collectively "plaintiffs," allege as follows:

28

Complaint

                              1

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction over the first claim for relief under 17 U.S.C. §101, et seq., and 28 U.S.C. §§ 1331 and 1338(a). This Court has subject matter jurisdiction over the second and third claims for relief under 28 U.S.C. §1367.

2.      This Court is the proper venue for this action under 28 U.S.C. §§1391(b) and 1400 in that the claims for relief arose in this District and certain of the defendants conduct business and/or maintain offices in this District.

## PARTIES

3.      Perrey is, and during the material times has been, an individual and a citizen of France.

4.      Kingsley is, and during the material times has been, an individual and a citizen of New York.

5.      R. Breuer is, and during the material times has been, an individual and a citizen of New York.

6.      A. Breuer is, and during the material times has been, an individual and a citizen of New York.

7.      F. Breuer is, and during the material times has been, an individual and a citizen of New York.

8.      Meunier is, and during the material times has been, an individual and a citizen of France.

9.      Upon information and belief, defendant Televisa, S.A. de C.V. ("Televisa") is, and during the material times has been, a corporation organized under the law of Mexico. Televisa regularly conducts business in this District, has prosecuted and defended lawsuits in this District, and induced, facilitated and/or contributed to the other defendants' infringements committed in this District and elsewhere in the United States.

Complaint

2

10.     Upon information and belief, defendant Univision Communications, Inc. ("Univision") is, and during the material times has been, a corporation organized under Delaware law, with an office in Los Angeles County, California. Univision regularly conducts business in this District and committed the alleged infringements and other wrongful acts in this District and elsewhere in the United States.

11.     Upon information and belief, defendant Galavision, Inc. ("Galavision") is, and during the material times has been, a corporation organized under Delaware law, with an office in Miami, Florida. Galavision regularly conducts business in this District and committed the alleged infringements and other wrongful acts in this District and elsewhere in the United States.

12.     Upon information and belief, defendant Xenon Pictures, Inc. ("Xenon") is, and during the material times has been, a corporation organized under California law, with an office in Los Angeles County, California. Xenon regularly conducts business in this District and committed the alleged infringements in this District and elsewhere in the United States.

13.     Upon information and belief, defendant Lions Gate Entertainment, Inc. ("Lions Gate") is, and during the material times has been, a corporation organized under California law, with an office in Los Angeles County, California. Lions Gate regularly conducts business in this District and committed the alleged infringements in this District and elsewhere in the United States.

14.     The true names and legal capacities of the defendants named herein as Does 1 through 10, inclusive, are unknown to plaintiffs. Upon information and belief, each of these defendants is responsible in some manner for the acts, events and omissions alleged herein or for plaintiffs' damages, or both. Plaintiffs therefore sue each of these defendants by his, her or its fictitious name, and will seek leave of Court to amend this pleading to insert their true names and capacities when they become known.

15.     Upon information and belief, at all times mentioned herein each of the

Complaint

3

1   defendants was the agent or employee of the remaining defendants, was acting within
2   the scope of that agency or employment, and actively participated in or subsequently
3   ratified and/or adopted the acts, omissions and conduct alleged herein with full
4   knowledge thereof and with the intent of effecting the alleged wrongdoing.

5

6                              FIRST CLAIM FOR RELIEF

7          (Copyright Infringement Against Televisa, Univision, Galavision,
8                    Xenon, Lions Gate and Does 1 through 5)

9          16.    Plaintiffs repeat and incorporate herein the allegations in paragraphs 1
10  through 15.

11         17.    In the late 1960's, Perrey and Kingsley created and composed the original
12  musical composition "Baroque Hoedown."

13         18.    In the late 1960's Perrey, Gary Bratman (aka Gary Carroll) and the late
14  Harry Breuer created and composed the original musical composition "An Elephant
15  Never Forgets."

16         19.    In the late 1960's Perrey, the late Harry Breuer and the late Fernand
17  Bouillon created and composed the original musical composition "Country Rock Polka."

18         20.    Each of those compositions ("the Compositions") contains a large amount
19  of material wholly original to their composers, and each of them is, and since their
20  creation have been, copyrightable subject matter entitled to protection under the
21  Copyright laws of the United States.

22         21.    Harry Breuer died in 1989. His wife, Marian Breuer, died in 1993. Harry
23  and Marian Breuer had three children, R. Breuer, A. Breuer and Harry Breuer, Jr. Harry
24  Breuer, Jr. died in 2002 and F. Breuer is his widow. Accordingly, R. Breuer, A. Breuer
25  and F. Breuer are Harry Breuer's heirs. Meunier is the late Fernand Bouillon's son and
26  heir.

27         22.    On or about the following dates, Certificates of Registration of the
28

Complaint

4

copyrights in the Compositions were issued by the United States Copyright Office. Said copyright registrations were renewed on the indicated dates:

| Composition | Regist. and Renewal Certificate Nos. | Issue and Renewal Dates |
|---|---|---|
| "Baroque Hoedown" | EU 35797 | 02-13-68 |
| | RE 723-644 | 01-11-96 |
| "An Elephant Never Forgets" | EU 149122 | 11-19-69 |
| | RE 747-879 | 01-07-97 |
| "Country Rock Polka | EU 149120 | 11-19-69 |
| | RE 747-877 | 1-07-97 |

23.    In the late 1960's, Perrey and Kingsley entered into agreements with Vanguard Recording Society, Inc. ("Vanguard") pursuant to which, among other things, they agreed to assign their interests and those of their co-writers in the Compositions' copyrights to Vanguard's music publishing affiliate, Fennario Music Publishers, Inc. ("Fennario").In exchange, Fennario agreed to pay them and their co-writers royalties on account of the sales of sound recordings embodying performances of the Compositions and other uses of the Compositions. Plaintiffs are beneficial owners of the copyrights in the Compositions and have standing to prosecute this claim for relief under 17 U.S.C. § 501(b).

24.    Upon information and belief, Televisa and one or more of Does 1 through 5 had access to sound recordings of the Compositions before the acts of copyright infringement complained of herein occurred. Since the mid 1970's said defendants have reproduced, distributed, performed and otherwise exploited sound recordings and/or recorded musical performances of the Compositions in the following manner, among others:

a.    They reproduced, copied and/or otherwise synchronized recorded

1  musical performances and sound recordings of "An Elephant Never Forgets" in episodes
2  of the Spanish language television series "Chavo del 8."

3         b.      They reproduced, copied and/or otherwise synchronized recorded
4  musical performances and sound recordings of "Baroque Hoedown" in episodes of the
5  Spanish language television series "El Chapulin Colorado."

6         c.      They reproduced, copied and/or otherwise synchronized recorded
7  musical performances and sound recordings of "Country Rock Polka" in episodes of the
8  Spanish language television series "Chespirito."

9         25.    Upon information and belief, within the past three years and at various
10 times before then, Televisa, its predecessor in interest Televisa Internacional S.A. de
11 C.V., and one or more of Does 1 through 5, entered into agreements with Univision,
12 Galavision and Xenon which granted those defendants licenses to reproduce, copy,
13 perform and distribute episodes of the programs containing recorded performances of
14 the Compositions in this District and elsewhere in the United States, delivered or
15 otherwise provided copies of said programs to said defendants in the United States, and
16 otherwise induced, authorized, facilitated and contributed to said defendants'
17 infringements of the copyrights in the Compositions alleged below.

18        26.    Upon information and belief, within the past three years and for many years
19 before then, Univision, Galavision, Xenon, Lions Gate and one or more of Does 1
20 through 5 reproduced, distributed, performed and otherwise exploited sound recordings
21 and/or recorded performances of the Compositions in this District and elsewhere in the
22 United States in the following manner, among others:

23        a.      Univision, Galavision and one or more of Does 1 through 5
24 reproduced, copied and/or otherwise synchronized recorded musical performances and
25 sound recordings of "An Elephant Never Forgets" in episodes of "Chavo del 8."

26        b.      Univision, Galavision and one or more of Does 1 through 5
27 reproduced, copied and/or otherwise synchronized recorded musical performances and

28

Complaint

6

1    sound recordings of "Baroque Hoedown" in episodes of "El Chapulin Colorado."

2        c.    Univision, Galavision and one or more of Does 1 through 5
3    reproduced, copied and/or otherwise synchronized recorded musical performances and
4    sound recordings of "Country Rock Polka" in episodes of "Chespirito."

5        d.    Univision, Galavision and one or more of Does 1 through 5 made
6    copies of episodes of the programs in the United States and broadcast them on their
7    respective television networks in this country. Upon information and belief, said
8    defendants did not have licenses authorizing their uses of the Compositions in that
9    manner from ASCAP or any other appropriate performing rights society during all the
10   times during which they did so.

11       e.    Xenon, Lions Gate and one or more of Does 1 through 5 reproduced,
12   copied and/or otherwise made copies of episodes of the programs in the United States
13   and sold, rented or otherwise distributed those copies to the public in this country.

14       27.    Plaintiffs did not authorize defendants' reproduction, copying, performance
15   or distribution of the Compositions in the manner alleged above or in any other manner.
16   Upon information and belief, neither Universal-Polygram International Music
17   Publishing, Inc. nor any of the previous owners of the Compositions' copyrights
18   authorized said uses. Defendants' acts constitute acts of direct and contributory
19   copyright infringement.

20       28.    Pursuant to a written agreement entered into between Perrey and the
21   defendants other than Lions Gate and Does 1 through 10, effective as of May 30, 2008,
22   any and all applicable statutes of limitations, laches doctrines or other time limitations,
23   bars or restrictions on any and all of his claims against said defendants were tolled as
24   of that date. The other plaintiffs are third party beneficiaries of that agreement.

25       29.    Defendants concealed their wrongdoing by, among other things, (a) not
26   reporting the correct titles and authors of the Composition to the performing rights
27   societies when they reported the music used in the episodes to those performing rights

28

Complaint

7

societies, (b) not correctly listing the titles of the Compositions and their authors in the credits of the television programs when they were broadcast, (c) not correctly listing the titles of the Compositions and their authors in the credits of the television programs when they were reproduced on the DVD's, videocassettes and other products that were sold, rented and distributed to the public, and (d) limiting their wrongful conduct to Spanish-language television and video markets.

30.    Plaintiffs did not learn of the wrongful conduct alleged above until a date that is within the applicable limitations period, and reasonably could not have done so because of, among other things, said fraudulent concealment of the wrongdoing. Perrey and Meunier are citizens of France and do not speak Spanish. Kingsley and the Breuer plaintiffs are citizens of New York and are not Spanish speakers. Upon information and belief, the three televison programs were not broadcast where Perrey and Meunier lived during the material times. Th other plaintiffs had no occasion to watch Spanish language television programs, and thus Kingsley and the Breuer plaintiffs had no occasion to watch any of the three television programs to the extent they were broadcast in New York or rent or purchase DVD's of the programs if they were available there.

31.    By reason of the foregoing direct and contributory infringements, plaintiffs are entitled to an award of their actual damages and that portion of each defendant's net profits that is attributable to the infringements but is not taken into account in computing plaintiffs' actual damages under 17 U.S.C. § 504(b).

32.    By reason of the foregoing direct and contributory infringements and at their election made at the appropriate time, plaintiffs are entitled to an award of statutory damages under 17 U.S.C. § 504(c).

33.    By reason of the foregoing direct and contributory infringements, plaintiffs are entitled to an award of their reasonable attorneys' fees and costs under 17 U.S.C. § 505.

Complaint

8

SECOND CAUSE OF ACTION

(Violation of Moral Rights under Mexican Law, Against Televisa and

Does 1 through 5)

34.    Plaintiffs repeat and incorporate herein the allegations in paragraphs 1 through 15, 17 through 19 and 21.

35.    Plaintiffs hereby give notice pursuant to Rule 44.1, F.R.Civ.P., that this claim for relief is based on the laws of Mexico.

36.    Each of the Compositions contains a large amount of material wholly original to their composers, and each of them is, and since their creation have been, entitled to protection under the copyright laws of Mexico, including the laws establishing an author's moral rights in such works.

37.    Under the law of Mexico, Perrey is an author of all the Compositions, Kingsley is an author of "Baroque Hoedown," Harry Breuer is an author of "An Elephant Never Forgets" and "Country Rock Polka," and Fernand Bouillon is an author of "Country Rock Polka."

38.    R. Breuer, A. Breuer and F. Breuer are entitled to claim and assert Harry Breuer's moral rights because they are his heirs. Meunier is entitled to claim and assert Fernand Bouillon's moral rights because he is Bouillon's heir.

39.    Upon information and belief, Televisa and one or more of Does 1 through 5 had access to sound recordings of the Compositions before the violations of plaintiffs' moral rights complained of herein occurred.

40.    Upon information and belief, since the mid 1970's, the defendants named in this claim for relief have reproduced, distributed, performed and otherwise exploited sound recordings and/or recorded musical performances of the Compositions for their own profit. Specifically:

      a.    Televisa and one or more of Does 1 through 5 reproduced, copied and/or otherwise synchronized recorded musical performances and sound recordings of

1 | "An Elephant Never Forgets" in episodes of "Chavo del 8," and broadcast and otherwise
2 | distributed those programs to members of the public in Mexico and other countries
3 | outside the United States. Said defendants did not report the correct title and authors of
4 | that composition to the performing rights societies when they reported the music used
5 | in the episodes to those performing rights societies and did not correctly list the title of
6 | the compositions and its authors in the credits of the television programs when they were
7 | broadcast. Defendants earned substantial revenue in Mexico from their exploitation of
8 | the composition in that manner.

9 |       b.     Televisa and one or more of Does 1 through 5 reproduced, copied
10 | and/or otherwise synchronized recorded musical performances and sound recordings of
11 | "Baroque Hoedown" in "El Chapulin Colorado," and broadcast and otherwise
12 | distributed those programs to members of the public in Mexico and other countries
13 | outside the United States. Said defendants did not report the correct title and authors of
14 | that composition to the performing rights societies when they reported the music used
15 | in the episodes to those performing rights societies and did not correctly list the title of
16 | the compositions and its authors in the credits of the television programs when they were
17 | broadcast. Defendants earned substantial revenue in Mexico from their exploitation of
18 | the composition in that manner.

19 |       c.     Televisa and one or more of Does 1 through 5 reproduced, copied
20 | and/or otherwise synchronized recorded musical performances and sound recordings of
21 | "Country Rock Polka" in "Chespirito," and broadcast and otherwise distributed those
22 | programs to members of the public in Mexico and other countries outside the United
23 | States. Said defendants did not report the correct title and authors of that composition
24 | to the performing rights societies when they reported the music used in the episodes to
25 | those performing rights societies and did not correctly list the title of the compositions
26 | and its authors in the credits of the television programs when they were broadcast on
27 | television. Defendants earned substantial revenue in Mexico from their exploitation of
28 |

Complaint

10

1    the composition in that manner.

2       41.     Upon information and belief, since the mid 1970's, Televisa and one or

3   more of Does 1 through 5 also caused DVD's and video cassettes of those programs to

4   be sold and distributed to the public, synchronized and incorporated the sound

5   recordings in video games sold to the public, and licensed uses of sound recordings of

6   the Compositions as mobile telephone ring tones sold to the public. Said defendants did

7   not correctly list the title of the Compositions and their authors in the credits of the

8   television programs as reproduced on the DVD's, videocassettes and other products that

9   were sold, rented and distributed to the public. Defendants earned substantial revenue

10   in Mexico from their exploitation of the Composition in that manner.

11      42.     Plaintiffs did not authorize said defendants' use, copying or exploitation of

12   the Compositions in the manner alleged above. Said defendants' acts constitute

13   violations of plaintiffs' moral rights and acts of copyright infringement under the laws

14   of Mexico. Plaintiffs were deprived of performance royalties to which they were entitled

15   and sustained other damages as the proximate result of that wrongful conduct.

16      43.     Perrey did not learn of this wrongful conduct until the summer of 2005 and

17   the other plaintiffs did not learn of it until 2008 because, among other things, said

18   defendants (a) did not report the correct titles and authors of the Composition to the

19   performing rights societies when they reported the music used in the episodes to those

20   performing rights societies, (b) did not correctly list the titles and authors of the

21   Compositions in the credits of the television programs when they were broadcast on

22   television, (c) did not correctly list the titles and authors of the Compositions in the

23   credits of the television programs when they were reproduced on the DVD's,

24   videocassettes and other products that were sold, rented and distributed to the public,

25   and (c) engaged in their unlawful conduct in Mexico and other countries in Central and

26   South America.

27      44.     By reason of the foregoing wrongful conduct, plaintiffs are entitled to an

28

Complaint

11

1 | award of damages and the other remedies available under the laws of Mexico.

2

3 | ### THIRD CAUSE OF ACTION

4 | (Breach of Contract Against Univision, Galavision and Does 6 through 10)

5 |     45.    Plaintiffs repeat and incorporate herein the allegations in paragraphs 1
6 | through 15.

7 |     46.    Upon information and belief, during some of the relevant years, Univision
8 | was a party to an agreement with ASCAP pursuant to which ASCAP granted Univision
9 | a non-exclusive license to broadcast and perform recordings of compositions authored
10 | by members of ASCAP and the other performing rights societies for which ASCAP
11 | acted in the United States ("ASCAP license"). This claim for relief applies to the time
12 | periods covered by that and any other such license. It does not apply to those time
13 | periods during which no such license was in effect. The first claim for relief applies to
14 | those periods.

15 |     47.    Upon information and belief, the ASCAP license required that Univision
16 | accurately report the titles and authors of the compositions performed in programs
17 | broadcast on its network. That provision was for the benefit of those authors because it
18 | enabled ASCAP to calculate and pay the performance royalties due them on account of
19 | the licensed performances of their compositions. As previously alleged, Univision did
20 | not correctly report the titles and authors of the Compositions to ASCAP or to any other
21 | performing rights society; it thus concealed the fact that Perrey, Kingsley, Breuer and
22 | Bouillion are the Compositions' authors.

23 |     48.    Plaintiffs do not now know if Galavision was a party to any license
24 | agreement with ASCAP covering compositions performed in the programs broadcast
25 | on its network or whether Galavision, as a subsidiary of Univision, was covered by the
26 | ASCAP license. As previously alleged, Galavision did not correctly report the titles and
27 | authors of the Compositions to ASCAP or to any other performing rights society; it thus

28

Complaint

1 concealed the fact that Perrey, Kingsley, Breuer and Bouillion are the Compositions'
2 authors.

3     49.    During all material times, Perrey and Bouillion were members of SACEM,
4 a French performing rights society. Upon information and belief, during all such times
5 SACEM authorized ASCAP to calculate and remit monies due members of SACEM on
6 account of the performances of their compositions in the United States. During all
7 material times, Kingsley and Breuer were members of ASCAP. By reason of the
8 foregoing, plaintiffs are third party beneficiaries of the ASCAP license and any other
9 license agreement between ASCAP and Univision and/or Galavision.

10     50.    Upon information and belief, ASCAP performed all of its obligations under
11 the ASCAP license, and any other license agreement between ASCAP and Univision
12 and/or Galavision, except those obligations whose performance by ASCAP was excused
13 or discharged. Plaintiffs performed all of their obligations under their ASCAP and
14 SACEM agreements.

15     51.    Univision materially breached the ASCAP license and any other license
16 agreement between ASCAP and Univision, including but not limited to the covenant of
17 good faith and fair dealing implied therein, when it did not correctly report the titles and
18 authors of the Compositions to ASCAP or to any other performing rights society and
19 concealed the fact that Perrey, Kingsley, Breuer and Bouillion are the Compositions'
20 authors.

21     52.    If and to the extent that Galavision was a party to the ASCAP license or any
22 other license agreement with ASCAP, Galavision materially breached that agreement,
23 including but not limited to the covenant of good faith and fair dealing implied therein,
24 when it did not correctly report the titles and authors of the Compositions to ASCAP or
25 to any other performing rights society and concealed the fact that Perrey, Kingsley,
26 Breuer and Bouillion are the Compositions' authors.

27     53.    As the proximate result of said defendants' wrongful conduct, plaintiffs
28

Complaint

13

1  have sustained damages of at least $1 million.

2

3      WHEREFORE, plaintiffs pray for judgment herein as follows:

4

5      On the First Claim for Relief, Against Televisa, Univision, Galavision, Xenon,

6  Lions Gate and Does 1 through 5

7      1.    That plaintiffs be awarded their actual damages and their share of

8  defendants' profits or, at their election, statutory damages, all according to proof at trial;

9      2.    That plaintiffs be awarded prejudgment interest on said damages and profits

10  in accordance with applicable law;

11      3.    That plaintiffs recover their reasonable attorneys' fees and costs pursuant

12  to 17 U.S.C. § 505.

13

14      On the Second Claim for Relief, Against Televisa and Does 1 through 5

15      1.    That plaintiffs be awarded the damages authorized by the applicable laws

16  of Mexico according to proof at trial;

17      2.    That plaintiffs be awarded the other remedies and relief available to them

18  under the laws of Mexico.

19

20      On the Third Claim for Relief, Against Univision, Galavision and Does 6 through

21  10

22      1.    That plaintiffs be awarded compensatory damages according to proof at

23  trial, together with prejudgment interest in accordance with applicable law.

24      On All Claims for Relief

25      1.    That plaintiffs be awarded their costs of suit herein incurred; and

26      2.    That plaintiffs have such other and further relief as the Court deems just and

27

28

Complaint

14

1 | proper.

2

3 | DATED: September 7, 2009

JOSEPH L. GOLDEN, ESQ.
LAW OFFICE OF JOSEPH L. GOLDEN

By: _____
Joseph L. Golden, Esq.
Attorney for Plaintiffs

## Demand for Jury Trial

Plaintiffs Jean-Jacques Perrey, Gershon Kingsley, Robert  Breuer, Anthony Breuer, Frances Breuer and Sylvain Meunier hereby demand a trial by jury on all issues triable by a jury.

DATED: September 7, 2009

JOSEPH L. GOLDEN, ESQ.
LAW OFFICE OF JOSEPH L. GOLDEN

By: _____
Joseph L. Golden, Esq.
Attorney for Plaintiffs

Complaint

15

Exhibit 3, Page 33