EXHIBIT 7

STEPTOE & JOHNSON LLP
Seong Kim (SBN 166604)
Dylan Ruga (SBN 235969)
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067-5052
Telephone:  (310) 734-3200
Facsimile:(310) 734-3300
Email:     skim@steptoe.com
Email:     druga@steptoe.com

Attorneys for Univision Communications, Inc.,
and Galavision, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN-JACQUES PERREY, et al., | Case No.:  CV09-6508 FMC (RZx) |
| Plaintiffs, | |
| vs. | **DEFENDANT UNIVISION COMMUNICATIONS INC.'S FIRST SET OF REQUESTS FOR ADMISSIONS TO PLAINTIFF JEAN-JACQUES PERREY** |
| TELEVISA, S.A. DE C.V., et al., | |
| Defendants. | |

PROPOUNDING PARTY:     UNIVISION COMMUNICATIONS INC.

RESPONDING PARTY:     JEAN-JACQUES PERREY

SET NO.:     ONE

**TO PLAINTIFF JEAN-JACQUES PERREY AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. Proc. 36, defendant Univision Communications Inc. ("UCI") hereby demands that plaintiff Jean-Jacques Perrey ("Perrey") respond in writing and under oath to the following requests within thirty (30) days of service of these requests.

## DEFINITIONS AND INSTRUCTIONS

1.   "YOU," "YOUR," or "PERREY" shall mean plaintiff Jean-Jacques Perrey and any other persons or entities acting on behalf of PERREY, including but not limited to Patricia Leroy.

2.   The term "UCI" shall mean defendant Univision Communications Inc.

3.   The term "COMPLAINT" shall mean the Complaint that was filed by PERREY and others on or about September 8, 2009 in the United States District Court for the Central District of California, which was assigned Case No. CV 09-6508 FMC (RZx).

4.   The term "BAROQUE HOEDOWN" shall mean the musical composition for the song "Baroque Hoedown."

5.   The term "COUNTRY ROCK POLKA" shall mean the musical composition for the song "Country Rock Polka."

6.   The term "AN ELEPHANT NEVER FORGETS" shall mean the musical composition for the song "An Elephant Never Forgets."

7.   The term "COMPOSITIONS" shall mean collectively BAROQUE HOEDOWN, COUNTRY ROCK POLKA, and AN ELEPHANT NEVER FORGETS.

8.     The term "UMG" shall mean Universal Music Group and all related entities, including but not limited to Universal-Polygram International Publishing, Inc.

9.     The term "WELK" shall mean The Welk Group, Inc. and any other persons or entities acting on behalf of WELK, including but not limited to agents, parents, subsidiaries and representatives.

10.     The term "TELEVISA" shall mean Televisa, S.A. de C.V. and any parents, subsidiaries or related companies.

11.     The term "TELEVISION PROGRAMS" shall mean collectively "El Chavo del Ocho," "El Chapulin Colorado," and "Chespirito."

## REQUESTS FOR ADMISSION

**REQUEST NO. 1:**

Please admit that YOU knew of the alleged infringement described in the COMPLAINT prior to May 30, 2005.

**REQUEST NO. 2:**

Please admit that AN ELEPHANT NEVER FORGETS is based on Beethoven's *Turkish March*.

**REQUEST NO. 3:**

Please admit that YOU received payment from Vanguard Recording Society, Inc. to create the COMPOSITIONS.

**REQUEST NO. 4:**

Please admit that YOU were hired by Vanguard Recording Society, Inc. to create the COMPOSITIONS.

**REQUEST NO. 5:**

Please admit that YOU used musical instruments belonging to Vanguard Recording Society, Inc. to create the COMPOSITIONS.

3

Doc. # CC-193472 v.1

**REQUEST NO. 6:**

Please admit that YOU used materials belonging to Vanguard Recording Society, Inc. to create the COMPOSITIONS.

**REQUEST NO. 7:**

Please admit that YOU created the COMPOSITIONS at Vanguard Recording Society, Inc.'s studios.

**REQUEST NO. 8:**

Please admit that Vanguard Recording Society, Inc. had final discretion in whether or not to accept the COMPOSITIONS from YOU.

**REQUEST NO. 9:**

Please admit that YOU licensed BAROQUE HOEDOWN to be used as part of Disney's Electrical Parade.

**REQUEST NO. 10:**

Please admit that YOU received no compensation from Disney in consideration for its license to use BAROQUE HOEDOWN as part of the Electrical Parade.

**REQUEST NO. 11:**

Please admit that YOU currently do not own the copyright in any of the COMPOSITIONS.

**REQUEST NO. 12:**

Please admit that in 2006 YOU were aware of the lawsuit filed in California state court by WELK against TELEVISA and others related to the sound recordings of the COMPOSITIONS.

**REQUEST NO. 13:**

Please admit that YOU do not actively monitor sales of YOUR albums on websites such as Amazon.com.

**REQUEST NO. 14:**

Please admit that YOU do actively monitor sales of YOUR albums on websites such as Amazon.com.

**REQUEST NO. 15:**

Please admit that YOU speak Spanish.

Dated: September 15, 2009                    STEPTOE & JOHNSON LLP

Seong Kim
Dylan Ruga

By:_____
        DYLAN RUGA
Attorneys for Univision Communications, Inc., and Galavision, Inc.

# PROOF OF SERVICE
### C.C.P. § 1013a(3)/ Cal. R. Ct. 2.260

I am a resident of, or employed in, the County of Los Angeles. I am over the age of 18 and not a party to this action. My business address is: NOW Attorney/Messenger Service, 1301 West 2nd St., Suite 206, Los Angeles, CA 90026.

On **September 15, 2009**, I served the following listed document(s), by method indicated below, on the parties in this action: **DEFENDANT UNIVISION COMMUNICATIONS INC.'S FIRST SET OF REQUESTS FOR ADMISSIONS TO PLAINTIFF JEAN-JACQUES PERREY**

### *SEE ATTACHED SERVICE LIST*

☐ **BY U.S. MAIL**
By placing ☐ the original / ☐ a true copy thereof enclosed in a sealed envelope(s), with postage fully prepaid, addressed as per the attached service list, for collection and mailing at Steptoe & Johnson LLP, 2121 Avenue of the Stars, Suite 2800, Los Angeles, California 90067., following ordinary business practices. I am readily familiar with Steptoe & Johnson LLP's practice for collection and processing of documents for mailing. Under that practice, the document is deposited with the United States Postal Service on the same day as it is collected and processed for mailing in the ordinary course of business.

☐ **BY OVERNIGHT DELIVERY**
By delivering the document(s) listed above in a sealed envelope(s) or package(s) designated by the express service carrier, with delivery fees paid or provided for, addressed as per the attached service list, to a facility regularly maintained by the express service carrier or to an authorized courier or driver authorized by the express service carrier to receive documents.

☒ **BY PERSONAL SERVICE**
    ☐ By personally delivering and handing the document(s) listed above to the person(s) identified on the attached service list.
    ☐ By personally delivering the document(s) listed above to the office address(es) as shown on the attached service list and leaving said document(s) with a clerk or other person in charge, or if no one is in charge leaving it in a conspicuous place in the office(s).
    ☐ By personally delivering the document(s) listed above to the address(es) as shown on the attached service list and leaving said document(s) with someone of suitable age and discretion residing at said address(es).

☐ **BY ELECTRONIC SERVICE**
  **(via electronic filing service provider)**
By electronically transmitting the document(s) listed above to LexisNexis File and Serve, an electronic filing service provider at www.fileandserve.lexisnexis.com, from the email address _____@steptoe.com, at approximately _____. To my knowledge, the transmission was reported as complete and without error. *See* Cal. R. Ct. R. 2.253, 2.255, 2.260.

☐ **BY ELECTRONIC SERVICE**
  **(to individual persons)**
By electronically transmitting the document(s) listed above to the email address(es) of the person(s) set forth on the attached service list from the email address lyoungchu@steptoe.com. To my knowledge, the transmission was reported as complete and without error. *See* Cal. R. Ct. R. 2.260.

☐ **BY FACSIMILE**
By transmitting the document(s) listed above from Steptoe & Johnson LLP in Los Angeles, California to the facsimile machine telephone number(s) set forth on the attached service list. Service by facsimile transmission was made ☐ pursuant to agreement of the parties, confirmed in writing, or ☐ as a courtesy to the parties.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct. Executed on September 15, 2009 at Los Angeles, California.

_____
Type or Print Name

_____
Signature

1

Exhibit 7, Page 64

Doc. # CC-196603 v.1

1

## **SERVICE LIST**

2

3  Joseph L. Golden                    *Attorneys for Plaintiffs*
   LAW OFFICES OF JOSEPH L. GOLDEN
4  1801 Century Park East, 24th Floor
   Los Angeles, CA 90067
5  Tel.   310-556-9666
   Fax.   310-556-9625
6  Email: jlgoldenesq@verizon.net

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

PROOF OF SERVICE

Doc. # CC-196603 v.1

EXHIBIT 8

STEPTOE & JOHNSON LLP
Seong Kim (SBN 166604)
Dylan Ruga (SBN 235969)
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067-5052
Telephone:  (310) 734-3200
Facsimile:(310) 734-3300
Email:     skim@steptoe.com
Email:     druga@steptoe.com

Attorneys for Univision Communications, Inc.,
and Galavision, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN-JACQUES PERREY, et al., | Case No.:  CV09-6508 FMC (RZx) |
| Plaintiffs, | |
| vs. | **DEFENDANT UNIVISION COMMUNICATIONS INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF JEAN-JACQUES PERREY** |
| TELEVISA, S.A. DE C.V., et al., | |
| Defendants. | |

PROPOUNDING PARTY:     UNIVISION COMMUNICATIONS INC.

RESPONDING PARTY:     JEAN-JACQUES PERREY

SET NO.:     ONE

1

Doc. # CC-193472 v.1

1  **TO PLAINTIFF JEAN-JACQUES PERREY AND HIS ATTORNEYS OF**

2  **RECORD:**

3      PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. Proc. 33, defendant

4  Univision Communications Inc. ("UCI") hereby demands that plaintiff Jean-

5  Jacques Perrey ("Perrey") respond in writing and under oath to the following

6  interrogatories within thirty (30) days of service of these interrogatories.

7

8              **DEFINITIONS AND INSTRUCTIONS**

9      1.    "YOU," "YOUR," or "PERREY" shall mean plaintiff Jean-Jacques

10  Perrey and any other persons or entities acting on behalf of PERREY, including

11  but not limited to Patricia Leroy.

12      2.    The term "UCI" shall mean defendant Univision Communications

13  Inc.

14      3.    The term "COMPLAINT" shall mean the Complaint that was filed by

15  PERREY and others on or about September 8, 2009 in the United States District

16  Court for the Central District of California, which was assigned Case No. CV 09-

17  6508 FMC (RZx).

18      4.    The term "BAROQUE HOEDOWN" shall mean the musical

19  composition for the song "Baroque Hoedown."

20      5.    The term "COUNTRY ROCK POLKA" shall mean the musical

21  composition for the song "Country Rock Polka."

22

23      6.    The term "AN ELEPHANT NEVER FORGETS" shall mean the

24  musical composition for the song "An Elephant Never Forgets."

25      7.    The term "COMPOSITIONS" shall mean collectively BAROQUE

26  HOEDOWN, COUNTRY ROCK POLKA, and AN ELEPHANT NEVER

27  FORGETS.

28

Exhibit 8, Page 67                    Doc. # CC-193472 v.1

8.     The term "UMG" shall mean Universal Music Group and all related entities, including but not limited to Universal-Polygram International Publishing, Inc.

9.     The term "WELK" shall mean The Welk Group, Inc. and any other persons or entities acting on behalf of WELK, including but not limited to agents, parents, subsidiaries and representatives.

10.     The term "TELEVISA" shall mean Televisa, S.A. de C.V. and any parents, subsidiaries or related companies.

11.     The term "TELEVISION PROGRAMS" shall mean collectively "El Chavo del Ocho," "El Chapulin Colorado," and "Chespirito."

12.     The term "PERSON" or "PERSONS" shall include a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or entity of any sort.

13.     The term "DOCUMENT" or "DOCUMENTS" shall mean any recorded communication, representation or writing as defined by the Federal Rules of Evidence and the Federal Rules of Civil Procedure, including originals and duplicates, whether in draft or otherwise, and copies and non-identical copies (whether different from the originals because of notes or marks made on or attached to said copies, or otherwise).  It specifically includes all written, typewritten, printed or graphic materials of whatever kind or nature, including, but not limited to, any and all purchase orders, inventories, invoices, receipts, drawings, memoranda, letters, notes, telegrams, publications, contracts, records, papers, books, recordings on tape, magnetic discs, wire or drums, checks, computer files, **electronic mail**, drafts, money orders, worksheets, working papers, notebooks, diaries, calendars, graphs, charts, screenplays, treatments, business records of all kinds, and similar writings, whether or not in YOUR possession or under YOUR control, no matter how prepared, or by whom, which relate to or

3

1  pertain in any manner to the subject matter of the request, and all drafts or copies
2  (including non-identical copies) prepared in connections with such documents,
3  whether used or not.

4      14.   "COMMUNICATION" or "COMMUNICATIONS" shall mean any
5  transmission of information of any sort whatsoever by one or more PERSONS to
6  one or more PERSONS and/or between one or more PERSONS, by any means
7  whatsoever, including but not limited to telephone conversations, letters,
8  documents, telegrams, teletypes, telecopies, written memoranda, e-mail messages
9  and face-to-face conversations.

10     15.   The words "or" and "including," and similar words of guidance, are
11  merely such, and should not be construed as words of limitation; the word "or," for
12  example, shall include the word "and," as appropriate, and the word "including"
13  shall not be used to limit any general category description that precedes it.
14

15     16.   "IDENTIFY" when used in connection with a PERSON or PERSONS
16  means to give all available information concerning the name, street address, post
17  office box number(s), email address(es), contact telephone and facsimile numbers
18  at which any such PERSON or PERSONS can be contacted.

19     17.   These Interrogatories shall be deemed continuing so as to require
20  YOU to provide additional responsive information in a prompt manner if YOU
21  obtain such information between the time that YOU respond to these
22  Interrogatories and the time this action is resolved.

23  ## SPECIFIC INTERROGATORIES

24  **INTERROGATORY NO. 1:**
25      Please IDENTIFY all PERSONS who have paid YOU, directly or indirectly,
26  to license the COMPOSITIONS.
27
28

4

Doc. # CC-193472 v.1

**INTERROGATORY NO. 2:**

For each PERSON identified in Interrogatory No. 1, please state the amount YOU were paid.

**INTERROGATORY NO. 3:**

Please explain how YOU first learned of the alleged infringement of the COMPOSITIONS as described in the COMPLAINT.

**INTERROGATORY NO. 4:**

Please explain when YOU first learned of the alleged infringement of the COMPOSITIONS as described in the COMPLAINT.

**INTERROGATORY NO. 5:**

Please describe the terms of the agreement under which YOU agreed to create the COMPOSITIONS for Vanguard Recording Society, Inc.

**INTERROGATORY NO. 6:**

Please set forth the total amount of money YOU have received in public performance royalties from the COMPOSITIONS in the past five (5) years.

**INTERROGATORY NO. 7:**

Please list, on a year-by-year basis, the total amount of money YOU received in public performance royalties from the COMPOSITIONS in the past five (5) years.

**INTERROGATORY NO. 8:**

Please set forth the specific elements of BAROQUE HOEDOWN that YOU contend were infringed by defendants.

**INTERROGATORY NO. 9:**

Please set forth the specific elements of COUNTRY ROCK POLKA that YOU contend were infringed by defendants.

**INTERROGATORY NO. 10:**

Please set forth the specific elements of AN ELEPHANT NEVER FORGETS that YOU contend were infringed by defendants.

**INTERROGATORY NO. 11:**

Please set forth the complete chain of title for the copyrights in the COMPOSITIONS, beginning with Vanguard Recording Society, Inc. and ending with UMG.

Dated: September 15, 2009

STEPTOE & JOHNSON LLP

Seong Kim
Dylan Ruga

By:_____
DYLAN RUGA
Attorneys for Univision Communications, Inc., and Galavision, Inc.

Doc. # CC-193472 v.1

1

## PROOF OF SERVICE
C.C.P. § 1013a(3)/ Cal. R. Ct. R. 2.260

2

I am a resident of, or employed in, the County of Los Angeles. I am over the age of 18 and not a party to
this action. My business address is: NOW Attorney/Messenger Service, 1301 West 2nd St., Suite 206,
Los Angeles, CA 90026.

3

4

On **September 15, 2009**, I served the following listed document(s), by method indicated below, on the
parties in this action: **DEFENDANT UNIVISION COMMUNICATIONS INC.'S FIRST SET OF**

5

**INTERROGATORIES TO PLAINTIFF JEAN-JACQUES PERREY**

6

*SEE ATTACHED SERVICE LIST*

7

☐ **BY U.S. MAIL**

By placing ☐ the original / ☐ a true copy thereof enclosed in a
sealed envelope(s), with postage fully prepaid, addressed as per the
attached service list, for collection and mailing at Steptoe &
Johnson LLP, 2121 Avenue of the Stars, Suite 2800, Los Angeles,
California 90067., following ordinary business practices. I am
readily familiar with Steptoe & Johnson LLP's practice for
collection and processing of documents for mailing. Under that
practice, the document is deposited with the United States Postal
Service on the same day as it is collected and processed for mailing
in the ordinary course of business.

☐ **BY ELECTRONIC SERVICE**
**(via electronic filing service provider)**

By electronically transmitting the document(s)
listed above to LexisNexis File and Serve, an
electronic filing service provider at
www.fileandserve.lexisnexis.com, from the email
address _____@steptoe.com, at
approximately _____. To my knowledge, the
transmission was reported as complete and
without error. *See* Cal. R. Ct. R. 2.253, 2.255,
2.260.

8

9

10

11

12

13

☐ **BY OVERNIGHT DELIVERY**

By delivering the document(s) listed above in a sealed envelope(s)
or package(s) designated by the express service carrier, with
delivery fees paid or provided for, addressed as per the attached
service list, to a facility regularly maintained by the express service
carrier or to an authorized courier or driver authorized by the
express service carrier to receive documents.

☐ **BY ELECTRONIC SERVICE**
**(to individual persons)**

By electronically transmitting the document(s)
listed above to the email address(es) of the
person(s) set forth on the attached service list
from the email address lyoungchu@steptoe.com.
To my knowledge, the transmission was reported
as complete and without error. *See* Cal. R. Ct. R.
2.260.

14

15

16

17

18

☒ **BY PERSONAL SERVICE**

☐ By personally delivering and handing the document(s) listed
above to the person(s) identified on the attached service list.

☐ By personally delivering the document(s) listed above to the
office address(es) as shown on the attached service list and leaving
said document(s) with a clerk or other person in charge, or if no one
is in charge leaving it in a conspicuous place in the office(s).

☐ By personally delivering the document(s) listed above to the
address(es) as shown on the attached service list and leaving said
document(s) with someone of suitable age and discretion residing at
said address(es).

☐ **BY FACSIMILE**

By transmitting the document(s) listed above from
Steptoe & Johnson LLP in Los Angeles,
California to the facsimile machine telephone
number(s) set forth on the attached service list.
Service by facsimile transmission was made ☐
pursuant to agreement of the parties, confirmed in
writing, or ☐ as a courtesy to the parties.

19

20

21

22

23

24

I declare under penalty of perjury under the laws of the State of California and the United States of
America that the above is true and correct. Executed on September 15, 2009 at Los Angeles, California.

25

26

Type or Print Name                                          Signature

27

28

1

PROOF OF SERVICE

Doc. # CC-196603 v.1

1

## <u>SERVICE LIST</u>

2

3  Joseph L. Golden                           *Attorneys for Plaintiffs*
   LAW OFFICES OF JOSEPH L. GOLDEN
4  1801 Century Park East, 24th Floor
   Los Angeles, CA 90067
5  Tel.    310-556-9666
   Fax.    310-556-9625
6  Email: jlgoldenesq@verizon.net

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

PROOF OF SERVICE

EXHIBIT 9

1    STEPTOE & JOHNSON LLP
     Seong Kim (SBN 166604)
2    Dylan Ruga (SBN 235969)
     2121 Avenue of the Stars, Suite 2800
3    Los Angeles, California 90067-5052
     Telephone:  (310) 734-3200
4    Facsimile:(310) 734-3300
     Email:    skim@steptoe.com
5    Email:    druga@steptoe.com

6
     Attorneys for Univision Communications, Inc.,
7    and Galavision, Inc.

8                  UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10
     JEAN-JACQUES PERREY, et al.,        Case No.:  CV09-6508 FMC (RZx)
11
              Plaintiffs,                **DEFENDANT UNIVISION
12                                       COMMUNICATIONS INC.'S
                                         FIRST SET REQUESTS FOR
13        vs.                            THE PRODUCTION OF
                                         DOCUMENTS TO PLAINTIFF
14   TELEVISA, S.A. DE C.V., et al.,     JEAN-JACQUES PERREY**

              Defendants.
15

16

17

18   PROPOUNDING PARTY:    UNIVISION COMMUNICATIONS INC.

19   RESPONDING PARTY:     JEAN-JACQUES PERREY

20   SET NO.:              ONE

21

22

23

24

25

26

27

28

Exhibit 9, Page 74                    1                    Doc. # CC-193472 v.1

1   **TO PLAINTIFF JEAN-JACQUES PERREY AND HIS ATTORNEYS OF**

2   **RECORD:**

3   　　　　PLEASE TAKE NOTICE that, Pursuant to Rule 34 of the Federal Rules of

4   Civil Procedure, defendant Univision Communications Inc. ("UCI") hereby

5   requests that plaintiff Jean-Jacques Perrey ("PERREY") respond in writing to the

6   following requests for documents and things <u>and</u> produce and permit the inspection

7   and photocopying of the documents and tangible things hereinafter designated at

8   the offices of Steptoe & Johnson LLP ("Steptoe & Johnson"), 2121 Avenue of the

9   Stars, Suite 2800, Los Angeles, California 90067 within 30 days of service of these

10  demands.  Alternatively, the production may be accomplished by your delivery of

11  copies of the requested documents and tangible things to Steptoe & Johnson at the

12  above address provided that PERREY or his authorized representative will make

13  the originals of such documents and tangible things available for inspection and

14  photocopying at a later date and upon reasonable notice by UCI or its authorized

15  representative.

16  　　　　In responding to these requests, PERREY is required by the Federal Rules of

17  Civil Procedure to produce all responsive and non-privileged documents and

18  tangible things in his possession, custody, or control, including those in the

19  possession, custody, or control of his attorneys, agents, or other representatives.

20

21  　　　　　　　　**DEFINITIONS AND INSTRUCTIONS**

22  　　　1.　　　"YOU," "YOUR," or "PERREY" shall mean plaintiff Jean-Jacques

23  Perrey and any other persons or entities acting on behalf of PERREY, including

24  but not limited to Patricia Leroy.

25  　　　2.　　　The term "UCI" shall mean defendant Univision Communications

26  Inc.

27  　　　3.　　　The term "COMPLAINT" shall mean the Complaint that was filed by

28  PERREY and others on or about September 8, 2009 in the United States District

1  Court for the Central District of California, which was assigned Case No. CV 09-
2  6508 FMC (RZx).

3      4.    The term "BAROQUE HOEDOWN" shall mean the musical
4  composition for the song "Baroque Hoedown."

5      5.    The term "COUNTRY ROCK POLKA" shall mean the musical
6  composition for the song "Country Rock Polka."

7      6.    The term "AN ELEPHANT NEVER FORGETS" shall mean the
8  musical composition for the song "An Elephant Never Forgets."

9      7.    The term "COMPOSITIONS" shall mean collectively BAROQUE
10 HOEDOWN, COUNTRY ROCK POLKA, and AN ELEPHANT NEVER
11 FORGETS.

12     8.    The term "UMG" shall mean Universal Music Group and all related
13 entities, including but not limited to Universal-Polygram International Publishing,
14 Inc.

15     9.    The term "WELK" shall mean The Welk Group, Inc. and any other
16 persons or entities acting on behalf of WELK, including but not limited to agents,
17 parents, subsidiaries and representatives.

18     10.   The term "TELEVISA" shall mean Televisa, S.A. de C.V. and any
19 parents, subsidiaries or related companies.
20

21     11.   The term "TELEVISION PROGRAMS" shall mean collectively "El
22 Chavo del Ocho," "El Chapulin Colorado," and "Chespirito."

23     12.   The term "PERSON" or "PERSONS" shall include a natural person,
24 firm, association, organization, partnership, business, trust, limited liability
25 company, corporation, or entity of any sort.

26     13.   The term "DOCUMENT" or "DOCUMENTS" shall mean any
27 recorded communication, representation or writing as defined by the Federal Rules
28 of Evidence and the Federal Rules of Civil Procedure, including originals and

duplicates, whether in draft or otherwise, and copies and non-identical copies (whether different from the originals because of notes or marks made on or attached to said copies, or otherwise). It specifically includes all written, typewritten, printed or graphic materials of whatever kind or nature, including, but not limited to, any and all purchase orders, inventories, invoices, receipts, drawings, memoranda, letters, notes, telegrams, publications, contracts, records, papers, books, recordings on tape, magnetic discs, wire or drums, checks, computer files, **electronic mail**, drafts, money orders, worksheets, working papers, notebooks, diaries, calendars, graphs, charts, screenplays, treatments, business records of all kinds, and similar writings, whether or not in YOUR possession or under YOUR control, no matter how prepared, or by whom, which relate to or pertain in any manner to the subject matter of the request, and all drafts or copies (including non-identical copies) prepared in connections with such documents, whether used or not.

14.    "COMMUNICATION" or "COMMUNICATIONS" shall mean any transmission of information of any sort whatsoever by one or more PERSONS to one or more PERSONS and/or between one or more PERSONS, by any means whatsoever, including but not limited to telephone conversations, letters, documents, telegrams, teletypes, telecopies, written memoranda, e-mail messages and face-to-face conversations.

15.    The words "or" and "including," and similar words of guidance, are merely such, and should not be construed as words of limitation; the word "or," for example, shall include the word "and," as appropriate, and the word "including" shall not be used to limit any general category description that precedes it.

16.    Pursuant to Rule 26(b)(5) of the Federal Rules of Civil Procedure, if YOU withhold information otherwise discoverable by claiming that it is privileged or subject to protection as trial preparation material, YOU shall make the claim

4

1   expressly in a privilege log and shall describe the nature of the documents,

2   communications, or things not produced or disclosed in a manner that, without

3   revealing information itself privileged or protected, will enable other parties to

4   assess the applicability of the privilege or protection.  In the event that any

5   information has been redacted from any document produced in response to these

6   requests, YOU must identify that information and the basis or bases upon which

7   such information was redacted in a privilege log to be produced concurrently with

8   YOUR written response thereto.

9        17.    YOUR responses to these requests are to be supplemented in

10  accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

11                        **REQUESTS FOR PRODUCTION**

12  **REQUEST NO. 1:**

13       All DOCUMENTS identified in YOUR Rule 26 initial disclosures.

14  **REQUEST NO. 2:**

15       Current copyright registrations for each of the COMPOSITIONS.

16  **REQUEST NO. 3:**

17       All deposit materials submitted to the United States Copyright Office with

18  the applications submitted to register the copyrights in the COMPOSITIONS.

19  **REQUEST NO. 4:**

20       All DOCUMENTS that evidence, reflect or refer to contracts or agreements

21  (including but not limited to license agreements) for any of the COMPOSITIONS.

22  **REQUEST NO. 5:**

23       All DOCUMENTS that evidence, reflect or refer to COMMUNICATIONS

24  between YOU and UMG related to alleged infringement of the COMPOSITIONS.

25

26

27

28

Doc. :  Exhibit 9, Page 78

**REQUEST NO. 6:**

All DOCUMENTS that evidence, reflect or refer to COMMUNICATIONS between YOUR attorney and UMG related to alleged infringement of the COMPOSITIONS.

**REQUEST NO. 7:**

All DOCUMENTS that evidence, reflect or refer to the chain of title in the copyrights for the COMPOSITIONS.

**REQUEST NO. 8:**

All DOCUMENTS that evidence, reflect or refer to any payments received by YOU from UMG related to the COMPOSITIONS.

**REQUEST NO. 9:**

All DOCUMENTS that evidence, reflect or refer to any payments received by YOU from WELK related to the sound recordings in the songs titled *Baroque Hoedown, An Elephant Never Forgets*, or *Country Rock Polka*.

**REQUEST NO. 10:**

All royalty or accounting statements received by YOU from ASCAP, BMI or any other performing rights societies.

**REQUEST NO. 11:**

All DOCUMENTS that evidence, reflect or refer to the number of albums (in any form of media, including but not limited to CDs, vinyl, cassettes, or mp3's) of *Moog Indigo* sold to date.

**REQUEST NO. 12:**

All DOCUMENTS that evidence, reflect or refer to the number of albums (in any form of media, including but not limited to CDs, vinyl, cassettes, or mp3's) of *Kaleidoscope Vibrations* sold to date.

**REQUEST NO. 13:**

All DOCUMENTS that evidence, reflect or refer to payments YOU have received from the exploitation of BAROQUE HOEDOWN by Disney as part of its Electrical Light Parade.

**REQUEST NO. 14:**

All DOCUMENTS that evidence, reflect or refer to COMMUNICATIONS between YOU and anybody else related to the alleged use of any of the COMPOSITIONS on any of the TELEVISION PROGRAMS.

**REQUEST NO. 15:**

All DOCUMENTS that refer to both: (1) TELEVISA and (2) any of the COMPOSITIONS.

**REQUEST NO. 16:**

All DOCUMENTS that refer to both: (1) any of the TELEVISION PROGRAMS and (2) any of the COMPOSITIONS.

**REQUEST NO. 17:**

All DOCUMENTS (including but not limited to emails) that evidence, reflect or refer to YOUR discovery of the alleged infringement described in the COMPLAINT.

**REQUEST NO. 18:**

A copy of the complete "guestbook" (old and new) on YOUR website, located at www.jeanjacquesperrey.com.

**REQUEST NO. 19:**

All DOCUMENTS that evidence, reflect or refer to YOUR agreement with Vanguard Recording Society, Inc. for the creation of the COMPOSITIONS.

7

1  **REQUEST NO. 20:**

2      All DOCUMENTS that evidence, reflect or refer to any drafts or iterations

3  of the COMPOSITIONS.

4  **REQUEST NO. 21:**

5      All DOCUMENTS that evidence, reflect or refer to contracts or agreements

6  between YOU and UMG related to the COMPOSITIONS.

7  **REQUEST NO. 22:**

8      All DOCUMENTS that evidence, reflect or refer to COMMUNICATIONS

9  between YOU and Peter Anderson.

10  **REQUEST NO. 23:**

11      All DOCUMENTS that evidence, reflect or refer to COMMUNICATIONS

12  between YOUR attorney and Peter Anderson.

13

14

15

16  Dated:  September 15, 2009                STEPTOE & JOHNSON LLP

17

18                                            Seong Kim
                                              Dylan Ruga
19
20  By: _____
                    DYLAN RUGA
21                                            Attorneys for Univision Communications,
22                                            Inc., and Galavision, Inc.

23

24

25

26

27

28

Doc. # CC-193472 v.1

# PROOF OF SERVICE
## C.C.P. § 1013a(3)/ Cal. R. Ct. R. 2.260

I am a resident of, or employed in, the County of Los Angeles. I am over the age of 18 and not a party to this action. My business address is: NOW Attorney/Messenger Service, 1301 West 2nd St., Suite 206, Los Angeles, CA 90026.

On **September 15, 2009**, I served the following listed document(s), by method indicated below, on the parties in this action: **DEFENDANT UNIVISION COMMUNICATIONS INC.'S FIRST SET REQUESTS FOR THE PRODUCTION OF DOCUMENTS TO PLAINTIFF JEAN-JACQUES PERREY**

## *SEE ATTACHED SERVICE LIST*

☐ **BY U.S. MAIL**
By placing ☐ the original / ☐ a true copy thereof enclosed in a sealed envelope(s), with postage fully prepaid, addressed as per the attached service list, for collection and mailing at Steptoe & Johnson LLP, 2121 Avenue of the Stars, Suite 2800, Los Angeles, California 90067., following ordinary business practices. I am readily familiar with Steptoe & Johnson LLP's practice for collection and processing of documents for mailing. Under that practice, the document is deposited with the United States Postal Service on the same day as it is collected and processed for mailing in the ordinary course of business.

☐ **BY OVERNIGHT DELIVERY**
By delivering the document(s) listed above in a sealed envelope(s) or package(s) designated by the express service carrier, with delivery fees paid or provided for, addressed as per the attached service list, to a facility regularly maintained by the express service carrier or to an authorized courier or driver authorized by the express service carrier to receive documents.

☒ **BY PERSONAL SERVICE**
  ☐ By personally delivering and handing the document(s) listed above to the person(s) identified on the attached service list.
  ☐ By personally delivering the document(s) listed above to the office address(es) as shown on the attached service list and leaving said document(s) with a clerk or other person in charge, or if no one is in charge leaving it in a conspicuous place in the office(s).
  ☐ By personally delivering the document(s) listed above to the address(es) as shown on the attached service list and leaving said document(s) with someone of suitable age and discretion residing at said address(es).

☐ **BY ELECTRONIC SERVICE**
**(via electronic filing service provider)**
By electronically transmitting the document(s) listed above to LexisNexis File and Serve, an electronic filing service provider at www.fileandserve.lexisnexis.com, from the email address _____@steptoe.com, at approximately _____. To my knowledge, the transmission was reported as complete and without error. *See* Cal. R. Ct. R. 2.253, 2.255, 2.260.

☐ **BY ELECTRONIC SERVICE**
**(to individual persons)**
By electronically transmitting the document(s) listed above to the email address(es) of the person(s) set forth on the attached service list from the email address lyoungchu@steptoe.com. To my knowledge, the transmission was reported as complete and without error. *See* Cal. R. Ct. R. 2.260.

☐ **BY FACSIMILE**
By transmitting the document(s) listed above from Steptoe & Johnson LLP in Los Angeles, California to the facsimile machine telephone number(s) set forth on the attached service list. Service by facsimile transmission was made ☐ pursuant to agreement of the parties, confirmed in writing, or ☐ as a courtesy to the parties.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct. Executed on September 15, 2009 at Los Angeles, California.

_____
Type or Print Name

_____
Signature

1
## PROOF OF SERVICE

Doc. # CC-196603 v.1

## <u>SERVICE LIST</u>

Joseph L. Golden                          *Attorneys for Plaintiffs*
LAW OFFICES OF JOSEPH L. GOLDEN
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
Tel.   310-556-9666
Fax.   310-556-9625
Email: jlgoldenesq@verizon.net

2

Exhibit 9, Page 83

Certificate of Service

The undersigned hereby certifies that all counsel of record who have consented to electronic service are being served with a copy of the foregoing document via the Central District of California CM/ECF system on October 19, 2009.

_____/s/ Joseph L. Golden_____

Golden Declaration

6