O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JEAN-JACQUES PERREY, ET AL.,           )          CASE NO. CV 09-06508 FMC (RZx)
                                       )
                  Plaintiffs,          )
                                       )          MEMORANDUM OPINION AND
            vs.                        )          ORDER GRANTING PLAINTIFF'S
                                       )          MOTION TO MODIFY SUBPOENA
TELEVISA, S.A. DE C.V., ETC., ET AL.,  )
                                       )
                  Defendants.          )
_____ )

This matter came before the Court on November 16, 2009 on the motion of Plaintiffs Jean-Jacques Perrey et al. to modify a subpoena issued by Defendant Univision Communications, Inc.   Plaintiffs appeared by their counsel Joseph L. Golden. Defendants Univision  and Galavision, Inc. appeared by their counsel Dylan Ruga. Defendants Xenon Pictures, Inc. and Lions Gate Entertainment, Inc. appeared by their counsel Stephen G. Contopulos.  The Court heard argument of counsel and took the matter under submission.  Having considered the argument, and all the written materials filed, the Court now issues its ruling.

The subpoena was directed to Universal-Polygram International Publishing, Inc. ("UPIP"), and seeks documents falling into various categories.  A number of the categories explicitly or implicitly seek documents prepared by or sent to Plaintiffs'

counsel, Joseph L. Golden.  Plaintiffs seek to modify the subpoena to exclude those documents from the subpoena's call.

Plaintiffs assert in their Complaint that they (or their predecessors in interest) created three music compositions.  UPIP is the current publisher of the songs, and Plaintiffs have retained a royalty interest.  Plaintiffs assert that Defendants have infringed the copyrights, and therefore owe them damages for the infringement.  They also assert claims for breach of contract and violation of Mexican law.

FED. R. CIV. P. 45(c)(3)(A)(iii) provides that a court *must* quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies."  The subpoenaed party, UPIP, has objected to the subpoena, and Defendants have not moved against UPIP to compel the production that the subpoena commands.  FED. R. CIV. P. 45(c)(2)(B).  Still, UPIP could, at any time, withdraw its objections in negotiations with Defendants, and without Plaintiffs' agreement, and there is some evidence in papers filed in connection with other motions that UPIP has produced some documents in response to the subpoena.  Based on all these factors, it is necessary that the Court decide the motion notwithstanding that the subpoena may not currently be in a posture to be enforced.

The first question under Rule 45(c)(3)(A)(iii) is whether the matter is "privileged or other protected matter."  Plaintiffs assert that the matter is protected by the attorney-work product doctrine, which provides that documents prepared by an attorney in anticipation of litigation are not ordinarily discoverable.  FED. R. CIV. P. 26(b)(3)(A).  Moreover, under that doctrine, even if the Court orders documents produced, it "must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation."  FED. R. CIV. P. 26(b)(3)(B).

The Court agrees that the matter covered by the subpoena, insofar as it calls for communications to or from Mr. Golden, is "other protected matter" within the meaning of the rule.  The documents are communications by or to Mr. Golden or Scott

Bauman, general counsel of UPIP.  By agreement of the parties, the documents — at least those which Plaintiffs or their counsel have — have been submitted for the Court's *in camera* review, and the Court has in fact reviewed them.  The documents do contain occasional factual recitations, but those recitations, when they appear, appear as part of Mr. Golden's characterization of his client's claims or theories.  In large part, then, the material contains "mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation," which the Court is required to protect under FED. R. CIV. P. 26(b)(3)(B).

Since the documents are "other protected matter" under Rule 45(c)(3)(A)(iii), the Court must modify the subpoena "if no exception or waiver applies." *Id*.  Here is where the bulk of the argument between the parties exists.  Defendants argue that Plaintiffs have waived any coverage provided by the work-product doctrine by disclosing the materials to non-party UPIP.  Plaintiffs counter that the disclosure does not constitute waiver because they and UPIP share a common legal interest, and therefore the common-legal-interest privilege defeats an assertion of waiver.  The Court agrees with Plaintiffs.

The common-interest exception, formerly (and sometimes still) called the joint defense privilege, grew out of the attorney-client privilege.  *Waller v. Financial Corp. of America*, 828 F.2d 579, 583 and n.7 (9th Cir. 1987).  The contours of the doctrine are not sharply defined, but the Court need not explore the outer reaches of those contours in this case.  It is sufficient to note that, although the privilege began in the context of the joint defense of criminal cases, it is accepted that it applies in civil cases as well, and that it applies, when parties have interests in common, to allow the attorney for one party to communicate with an attorney for another party, without risking a waiver of the privilege.  *See generally, In re Teleglobe Communications Corp.*, 493 F.3d 345, 362-67 (3d Cir. 2007).  In the factual setting here, the Court finds that Plaintiffs and UPIP have a common legal interest even if, at times, they may have differing strategic aims or tactics.

UPIP holds the copyrights to the songs, while Plaintiffs have a royalty interest.  If the songs are performed, UPIP is entitled to compensation for use of the copyrights, and Plaintiffs are entitled to receive royalty payments.  This represents an initial common legal interest.  There may be all sorts of reasons, however, why one party and not another chooses to pursue litigation, even if they share common legal interests: one party may be willing to front expenses, and another not; one party may have a different assessment from another of the likelihood of a positive result, or the extent, or enforceability of any recovery; one party, but not another, may have other business relationships with third parties which, in its judgment, counsel against pursuing litigation; one party may find settlement terms palatable, while another party does not.  The fact that different considerations may animate different strategies does not gainsay that the legal interests align.

If Plaintiffs succeed in this lawsuit, then presumably they will have established that Defendants infringed on one or more copyrights held by UPIP.  That certainly sounds like a common legal interest.  They also may have established that Defendants breached contracts with UPIP (or UPIP's predecessor-in-interest), another common legal interest.  Defendants, for their part, argue that affirmative defenses which would be applicable to UPIP carry through to bar the claims asserted by Plaintiffs.  That, too, sounds like common legal interests.

Defendants argue, however, that Plaintiffs' interests are adverse to UPIP's because UPIP has chosen not to sue, and therefore may be exposed to Plaintiffs themselves, at least in Plaintiffs' view.  They note that Plaintiffs state that they put UPIP on notice of their position (which Defendants characterize as a threat to sue), and that this situation means that therefore they do not share a common interest, and accordingly any communication between counsel for Plaintiffs and counsel for UPIP waives any protection afforded by the work-product doctrine.  This is especially so, Plaintiffs appear to argue, because there is evidence that a decision not to pursue claims against

Defendants may have been made, and communicated to Plaintiffs, as long as two years prior to the communications at issue here.

Again, the Court does not agree with the analysis. First, the fact that there may have been a decision by UPIP at some point not to sue does not gainsay the common legal interest. Not only is the decision, if made, easily changed, but also UPIP appears to be keeping its powder dry; for example, it served objections to the subpoena here, and asserted, *inter alia*, the objections of attorney-client privilege, attorney work product doctrine, *and* the common interest privilege. Second, the fact that parties may have inchoate adverse interests does not mean that they do not share legal interests. The fact that Plaintiffs have chosen to sue and, so far, UPIP has not, does not itself establish an adverse interest, because, among other things, Plaintiffs are not dependent upon UPIP's suing in order to seek recovery; the statute gives them standing to sue by themselves, and therefore they can seek recovery without UPIP's having done so.

The Court does not find this situation analogous to the insurance situation described in the district court decision of *In re Imperial Corp. of America*, 167 F.R.D. 447 (S.D. Cal. 1995), relied upon by Defendants in their portion of the Joint Stipulation. That case hinged upon an alleged legal obligation to indemnify, which is what insurance is all about. The insurance was a business fact of life, not a joint defense or a defense of common interests. Similar facts distinguish other cases cited by Defendants.

The Court finds no waiver here based on the communications Mr. Golden had with other counsel. Accordingly, there is no "exception or waiver," as described in Rule 45(c)(3)(A)(iii), and therefore the Court must, as commanded by that rule, modify the subpoena. Because of this resolution of the dispute, the Court need not address Plaintiffs' alternative argument that, in any event, the materials are not relevant to the claims and defenses of the parties under Rule 26.

///

///

///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

In accordance with this memorandum, the Court will sign the proposed order submitted by Plaintiff.

IT IS SO ORDERED.


DATED:  November 18, 2009


_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE