STEPTOE & JOHNSON LLP
Seong Kim (SBN 166604)
Dylan Ruga (SBN 235969)
2121 Avenue of the Stars, Suite 2800
Telephone: (310) 734-3200
Facsimile: (310) 734-3300
Email: skim@steptoe.com
Email: druga@steptoe.com

Attorneys for Univision Communications Inc. and Galavision, Inc.

SIDLEY AUSTIN LLP
Stephen G. Contopulos (SBN 50317)
Carly Steinbaum (SBN 260726)
555 West Fifth Street, Suite 4000
Los Angeles, California 90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600
Email: scontopulos@sidley.com
Email: csteinbaum@sidley.com

Attorneys for Defendants Xenon Pictures, Inc. and LionsGate Entertainment, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN-JACQUES PERREY, et al.,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>TELEVISA, S.A. DE C.V., et al.,<br><br>　　　　Defendants. | Case No. CV09-6508 JHN (RZx)<br><br>**DEFENDANTS UNIVISION COMMUNICATIONS INC., GALAVISION INC., XENON PICTURES, INC. AND LIONSGATE, ENTERTAINMENT, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO JOIN UNIVERSAL POLYGRAM INTERNATIONAL PUBLISHING, INC., PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(7) AND 19**<br><br>TIME: 2:00 P.M.<br>DATE: MAY 24, 2010<br>PLACE: COURTROOM 790 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on May 24, 2010 at 2:00 p.m. before the Honorable Jacqueline H. Nguyen, in Courtroom 790 of the United States District Court for the Central District of California, located at 255 East Temple Street, Los Angeles, California, 90012, Defendants Univision Communications Inc., Galavision Inc., Xenon Pictures, Inc. and LionsGate Entertainment, Inc. (collectively "Defendants") will and hereby do move pursuant to Federal Rules of Civil Procedure 12(b)(7) and 19 to dismiss the First Amended Complaint filed by Plaintiffs Jean-Jacques Perrey, Gershon Kingsley, Robert Breuer, Anthony Breuer, Frances Breuer, and Sylvain Meunier (collectively "Plaintiffs") on the grounds that Plaintiffs have failed to join an indispensable party under Rule 19, namely, Universal Polygram International Publishing, Inc. ("Universal Polygram").

Alternatively, if the Court does not dismiss this action, Defendants will and hereby do move, pursuant to Federal Rules of Civil Procedure 19, to join Universal Polygram because:

(i) Universal Polygram claims an interest relating to the subject of this action and is so situated that disposing of the action in Universal Polygram's absence may leave Plaintiffs and Defendants subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.  Fed. R. Civ. Proc. 19; *see also* 17 U.S.C. § 501(b) ("The court may require the joinder . . . of any person having or claiming an interest in the copyright."); and

(ii)  Universal Polygram claims an interest relating to the subject of this action and is so situated that disposing of the action in Universal Polygram's absence may, as a practical matter, impair or impede Universal Polygram's ability to protect that interest.

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Dylan Ruga filed concurrently herewith and all exhibits attached thereto, upon all pleadings

and other documents on file with this Court, as well as such evidence that the court may properly consider on this motion, and such evidence and argument as may be presented at the time of hearing.

This motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on several dates, including but not limited to April 6, 2010.

Dated: April 19, 2010          STEPTOE & JOHNSON LLP
                               Seong Kim
                               Dylan Ruga


                               By:  /s/ Dylan Ruga
                                    Dylan Ruga
                                    Attorneys for Defendants
                                    Univision Communications Inc.
                                    and Galavision Inc.


Dated: April 19, 2010          SIDLEY AUSTIN LLP
                               Stephen G. Contopulos
                               Carly S. Steinbaum


                               By: /s/ Carly S. Steinbaum
                                    Carly S. Steinbaum
                                    Attorneys for Defendants
                                    Xenon Pictures, Inc.
                                    and LionsGate Entertainment, Inc.

# **TABLE OF CONTENTS**

I. INTRODUCTION .................................................................................................1

II. STATEMENT OF FACTS ....................................................................................2

    A. The Compositions Were Created in the 1960s Pursuant to Two Contracts ................................................................................................2

    B. Plaintiffs Have Claimed To Be the Beneficial Owner of the Copyrights, and, Later, to be the Legal *and* Beneficial Owner of the Copyrights, Thus Impacting Universal Polygram's Rights and Subjecting Defendants To Duplicative Litigation. ............................................................................4

III. ANALYSIS ...........................................................................................................6

    A. Universal Polygram Claims Legal Ownership of the Copyrights at Issue, and Disposing of This Action in Universal Polygram's Absence May Subject Both Defendants and Plaintiffs to Double, Multiple, or Otherwise Inconsistent Liabilities. ............................................................8

    B. Universal Polygram Claims Legal Ownership of the Copyrights at Issue; Disposing of This Action in Universal Polygram's Absence Will Impair or Impede Universal Polygram's Ability to Protect Its Interests. ................................................................9

IV. CONCLUSION ...................................................................................................12

# **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Aguilar v. Los Angeles County*,
   751 F.2d 1089 (9th Cir. 1985) .................................................................................9

*Ass'n of Irritated Residents v. C & R Vanderham Dairy*,
   2006 WL 2644896 (E.D. Cal. Sept. 14, 2006) ........................................................7

*Clemmer v. Hartford Ins. Co.*,
   22 Cal. 3d 865 (1978) ............................................................................................10

*Criswell v. Western Airlines, Inc.*,
   709 F.2d 544 (9th Cir. 1983) ...................................................................................1

*Cunningham v. Municipality of Metro. Seattle*,
   751 F. Supp. 885 (W.D. Wa. 1990) .........................................................................7

*DeTarr v. Texaco, Inc.*,
   267 Cal. App. 2d 872 (1968) .................................................................................11

*E.E.O.C. v. Peabody Western Coal Co.*,
   400 F.3d 774 (9th Cir. 2005) .................................................................................10

*Hasbro Bradley, Inc. v. Sparkle Toys, Inc.*,
   780 F.2d 189 (2d Cir. 1985) ..................................................................................11

*HS Resources, Inc. v. Wingate*,
   327 F.3d 432 (5th Cir. 2003) ...................................................................................6

*Huey v. Super Fresh/Save-A-Center, Inc.*,
   2009 WL 722738 (E.D. La. March 17, 2009) .........................................................6

*Jones v. Craig*,
   212 F.2d 187 (2nd Cir. 1954) ................................................................................10

*Levy v. Cohen*,
   19 Cal. 3d 165 (1977) ..............................................................................................9

*Shermoen v. U.S.*,
   982 F.2d 1312 (9th Cir. 1992) .................................................................................8

*T.B. v. Chico Unified School Dist.*,
   2008 WL 5382060 (E.D. Cal. Dec. 22, 2008) .........................................................7

*Thomas v. U.S.*,
 189 F.3d 662 (7th Cir. 1999) ..................................................................................8

*Wales Industrial Inc. v. Hasbro Bradley, Inc.*,
 612 F. Supp. 510 (S.D.N.Y. 1985) ...................................................................9, 11

**STATUTES**

17 U.S.C. § 501(b) .......................................................................................................6, 11

**RULES**

FRCP 12 .............................................................................................................................7

FRCP 12(b)(1) ...................................................................................................................6

FRCP 12(b)(2)-(5) .........................................................................................................6, 7

FRCP 12(b)(6) ...................................................................................................................6

FRCP 12(b)(7) ............................................................................................................ 2, 6-7

FRCP 12(g) ........................................................................................................................7

FRCP 12(g)(2) ...................................................................................................................7

FRCP 12(h) ........................................................................................................................7

FRCP 12(h)(1) ...............................................................................................................6, 7

FRCP 12(h)(2) ...................................................................................................................7

FRCP 19 ..................................................................................................................... Passim

FRCP 19(a) ........................................................................................................................7

**BOOKS AND ARTICLES**

3 Nimmer on Copyrights § 12.02[C] .............................................................................11

Cal. Prac. Guide: Fed. Civ. Pro. Before Trial ¶9:158 ....................................................6

Cal. Prac. Guide: Fed. Civ. Pro. Before Trial ¶9:159 ....................................................8

Restatement (Second) of Trusts § 327 .........................................................................11

iii

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

This case is an attempt by several musicians and their heirs to seek damages for the alleged use of their copyrights.  Specifically, Plaintiffs have asserted claims for copyright infringement, breach of contract and "violation of moral rights" under Mexican law as a result of the alleged use of three musical compositions, "Baroque Hoedown," "An Elephant Never Forgets," and "Country Rock Polka" (collectively, the "Compositions"), in three Spanish language television series.

Plaintiffs allege in the First Amended Complaint that are "either the beneficial owners or the legal owners of the copyrights at issue herein."  Plaintiffs, however, have failed to join as a party Universal Polygram, which also claims to be the sole legal owner of the copyrights at issue.  Through the instant motion, Defendants assert that Universal Polygram *must* be made a party under Rule 19 of the Federal Rules of Civil Procedure.

As the Ninth Circuit has explained, Rule 19 "is intended to protect the absentee party from prejudice, to protect those made parties from harassment by successive suits, and to protect the courts from being imposed upon by multiple litigation." *Criswell v. Western Airlines, Inc.*, 709 F.2d 544, 557 (9th Cir. 1983).  These concerns are particularly apt here, given that **Plaintiffs and Universal Polygram both claim to be the sole legal owners of the copyrights at issue**.  Indeed, Universal Polygram should be included in this lawsuit for two reasons:

First, unless Universal Polygram is joined as a party, Defendants will be subject to multiple lawsuits by entities claiming legal ownership – first by Plaintiffs, and next by Universal Polygram – with respect to alleged copyright infringement. Without joinder, Defendants could then be subject to two inconsistent judgments – one establishing that Plaintiffs are legal owners of the copyrights, and one establishing that Universal Polygram is the legal owner.  In that event, Defendants could be liable to pay 100% of the profits earned by virtue of alleged infringement to *both* Plaintiffs

1

1    and Universal Polygram.  While Defendants dispute any infringement occurred, the
2    fact is that Defendants should not have be potentially subjected to inconsistent
3    judgments, nor should Defendants have to endure the time, expense, and burden of
4    conducting this same fight in different lawsuits.
5        Second, Universal Polygram will be prejudiced in its ability to claim legal
6    ownership of the copyrights at issue unless it is joined as a party in this action.
7    Although Plaintiffs previously conceded that Universal Polygram was the legal owner
8    of the copyrights at issue, Plaintiffs have flip-flopped and now claim full ownership.
9    The resolution of this issue depends on the interpretation of two contracts executed in
10   the 1960's.  Plaintiffs contend that the agreements were never properly executed; if
11   correct, this could result in a judicial determination that Universal Polygram does not
12   have any interest in the copyrights at issue.  Universal Polygram then may be
13   *collaterally estopped* from challenging this determination in a subsequent action.  In
14   short, Universal Polygram must be a party in this action so it may protect its rights as
15   the purported legal owner of the copyrights at issue.
16       Given Plaintiffs' failure to join Universal Polygram, this action should be
17   dismissed pursuant to FRCP 12(b)(7) because the First Amended Complaint fails to
18   join a party whose presence is needed for a just adjudication under FRCP 19.  In the
19   event that the Court finds that Universal Polygram is subject to service of summons
20   and that its joinder would not deprive the Court of subject matter jurisdiction,
21   Plaintiffs request that the Court treat this motion as one to compel joinder of Universal
22   Polygram, and to order such joinder.

23   **II.    STATEMENT OF FACTS**
24       **A.    The Compositions Were Created in the 1960s Pursuant to Two**
25             **Contracts**
26       According to the First Amended Complaint ("FAC"), Plaintiffs are the
27   composers (or their heirs) of three musical compositions that were created in the
28

1960s. FAC, ¶¶ 17-19.[1] Specifically, plaintiffs Jean-Jacques Perrey and Gershon Kingsley are alleged to have "created and composed the original musical composition 'Baroque Hoedown,'" (FAC, ¶ 17), plaintiff Jean-Jacques Perrey and the late Harry Breuer are alleged to have "created and composed the original musical composition 'An Elephant Never Forgets,'" (FAC, ¶ 18), and plaintiff Jean-Jacques Perrey, the late Harry Breuer, and the late Fernand Bouillon are alleged to have "created and composed the original musical composition 'Country Rock Polka.'" FAC, ¶ 19. Plaintiffs Robert Breuer, Anthony Breuer, and Frances Breuer are alleged to be heirs of the late Harry Breuer, and Sylvain Meunier is alleged to be the heir of the late Fernand Bouillon. FAC, ¶ 21.

The Compositions were created under the following two contracts that Perrey and Kingsley signed with Vanguard:

(1) a contract dated March 1, 1966 between Vanguard Recording Society, Inc., on the one hand, and plaintiffs Jean-Jacques Perrey and Gershon Kingsley, on the other (the "1966 Agreement"); and

(2) a contract dated March 22, 1968 between Vanguard Recording Society, on the one hand, and plaintiff Jean-Jacques Perrey, on the other (the "1968 Agreement") (collectively "Agreements").

True and correct copies of the 1966 Agreement and the 1968 Agreement are attached as Exhibits 1 and 2, respectively, to the Declaration of Dylan Ruga ("Ruga Decl.") filed herewith.

Both of the Agreements reference an attached "Exhibit A." (Ruga Decl., Ex. 1 at ¶ 13; Ex. 2 at ¶ 22.) The 1966 Agreement states that Perrey and Kingsley "shall simultaneously, upon recording such musical composition, execute a song writers agreement as is set forth in Exhibit 'A' attached hereto and made a part hereof." (Ruga Decl., Ex 1 at ¶ 13.) The 1968 Agreement contains nearly identical language

---

[1] The First Amended Complaint is available at Docket No. 55.

but clarifies that Perrey's "failure to sign said songwriter's agreement shall not divest us [Vanguard's publishing affiliate] with any ownership in and to the world-wide copyright." (Ruga Decl., Ex. 2 at ¶ 22.)

Despite the clear and unambiguous language in the Agreements, as well as the parties' intent (as evidenced by their conduct over the past 40 years), Plaintiffs contend that the composition copyrights *could not have been transferred* from Plaintiffs to Vanguard's publishing affiliate (and consequently, never transferred to Universal Polygram) unless Exhibit A was signed. Ruga Decl., ¶ 4. Universal Polygram contends, however, that Exhibit A was signed but, in any event, it is immaterial because it is undisputed that the Plaintiffs intended to transfer their copyrights to Vanguard's publishing affiliate and have acted consistently with that intent for the past 40 years. Ruga Decl., ¶ 5. This dispute can be resolved only by a judicial interpretation of the Agreements.

**B.     Plaintiffs Have Claimed To Be the Beneficial Owner of the Copyrights, and, Later, to be the Legal *and* Beneficial Owner of the Copyrights, Thus Impacting Universal Polygram's Rights and Subjecting Defendants To Duplicative Litigation.**

Plaintiffs brought suit on September 8, 2009, seeking recovery for copyright infringement, breach of contract, and "violation of moral rights" under Mexican law. In their original Complaint, Plaintiffs insisted that they were the beneficial owners of the copyrights at issue, and admitted that Universal Polygram was the legal owner. Docket No. 1 at ¶ 23.

Plaintiffs' tune has changed, however, and they now claim to be the beneficial *and/or* legal owners of the copyrights at issue. FAC, ¶ 25. The following timeline illustrates Plaintiffs' evolving positions:

- October 20, 2006: Plaintiff Jean-Jacques Perrey signs a document ratifying and confirming: (1) the transfer of his interests in the composition copyrights to Vanguard's publishing affiliate in 1966 and 1968; and (2) that

4

DEFENDANTS' NOTICE OF MOTION AND
MOTION TO DISMISS OR JOIN UNIVERSAL POLYGRAM

Doc. # CC-225156 v.1

1  Universal Polygram is the successor in interest to Vanguard's publishing
2  affiliate with respect to the composition copyrights.  Ruga Decl., ¶ 6 & Ex. 3.
3  •     September 8, 2009:  Plaintiffs file their original complaint and allege that
4  they **only own the beneficial rights** in the copyrights at issue.  Docket No. 1 at
5  ¶ 23;
6  •     Mid-October 2009:  Plaintiffs receive documents that purportedly caused
7  Plaintiffs to believe that they own the legal rights in the copyrights at issue.
8  Ruga Decl., Ex. 4 at ¶ 9;
9  •     October 16, 2009:  Plaintiffs Perrey and Kingsley respond to the
10 Defendants' First Set of Requests for Admissions, and *admit* that they do not
11 own the legal interests in the copyrights at issue.  Ruga Decl., Ex. 5 at Request
12 No. 11 & Ex. 6 at Request No. 10;
13 •     October 22, 2009:  The Breuer plaintiffs respond to the Defendants' First
14 Set of Requests for Admissions, and *admit* that they do not own the legal
15 interests in the copyrights at issue.  Ruga Decl., Ex. 7 at Request No. 4;
16 •     October 22, 2009:  Plaintiffs Perrey and Kingsley respond to the
17 Defendants' Second Set of Requests for Admissions, and *admit* that they signed
18 the Exhibit A attached to the Agreements.  Ruga Decl., Exs. 8 at Request No.
19 21 & Ex. 9 at Request No. 18;
20 •     November 3, 2009:  Plaintiffs Perrey and Kingsley respond to the
21 Defendants' Third Set of Requests for Admissions, and again *admit* that they
22 signed the Exhibit A to the Agreements.  Ruga Decl., Exs. 10 at Request No. 29
23 & Ex. 11 at Request No. 22;
24 •     November 17, 2009: Plaintiffs' counsel contacts Universal Polygram to
25 "revoke" and "rescind" the letter Perrey signed in 2006 confirming the transfer
26 of copyrights from him to Vanguard's publishing affiliate, thereby creating a
27 direct conflict between Plaintiffs and Universal Polygram concerning legal
28 ownership of the copyrights.  Ruga Decl., Ex. 7 at ¶ 10;

- December 17, 2009: Plaintiffs file their First Amended Complaint and assert that they are "either the beneficial owners or the legal owners of the copyrights at issue herein." [Docket No. 55 at ¶ 25.]
- February 10, 2010: Plaintiffs file a motion to amend their responses to the Requests for Admission in order to revoke their admission that they did not own any portion of the legal interests in the copyrights at issue in this case. [Docket Nos. 81 – 91].
- March 11, 2010: Magistrate Judge Zarefsky issued an order granting Plaintiffs leave to amend their Requests for Admission in order to allow Plaintiffs to assert that they own the legal interests in the composition copyrights. [Id. at 92].

Thus, Plaintiffs now claim that they are both the legal and/or beneficial owners of the copyrights here, which is contrary to the parties' behavior for the past 40 years and Universal Polygram's position that it is the legal owner of the copyrights.

### III. ANALYSIS

Defendants request that the Court either dismiss this case for failure to join an indispensible party, or order that Universal Polygram must be joined in this action.

A complaint may be dismissed under Federal Rule of Civil Procedure 12(b)(7) for failure to join "persons whose presence is needed for a just adjudication" under FRCP 19.  Schwarzer, Tashima, and Wagstaff, Cal. Prac. Guide: Fed. Civ. Pro. Before Trial, ¶ 9:158 (Rutter Group 2010); *HS Resources, Inc. v. Wingate*, 327 F.3d 432, 438 (5th Cir. 2003); *see also* 17 U.S.C. § 501(b) ("The court may require the joinder . . . of any person having or claiming an interest in the copyright.").[2]

---

[2] Defendants anticipate that Plaintiffs will argue that Defendants cannot bring a Rule 12(b)(7) Motion because Defendants previously filed a motion to dismiss pursuant to Rule 12(b)(1) and 12(b)(6) that did not raise the joinder issue.  That position is incorrect.  Fed. R. Civ. P. 12(h)(1) (only defenses listed in Rule 12(b)(2) – (5) – and not Rule 12(b)(7) – can be waived by failure to raise them in a motion to dismiss or responsive pleading); *Huey v. Super Fresh/Save-A-Center, Inc.*, 2009 WL 722738, *1,

*(Footnote continued)*

If the Court determines that the absent party is subject to service of summons, or its joinder would not deprive the Court of subject matter jurisdiction, then the motion "will be treated as a motion to compel joinder of the absent party . . . ." *Id*. at ¶ 9:161 (citing *Cunningham v. Municipality of Metro. Seattle*, 751 F. Supp. 885, 896-97 (W.D. Wa. 1990)); *id.* at ¶ 9:162 ("A preanswer Rule 12(b)(7) motion may be used either to compel joinder of a 'necessary' party or to obtain dismissal for failure to join an 'indispensable' party."). In that case, the party "must be joined" if:

> "(A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

---

n.11 (E.D. La. March 17, 2009) ("Plaintiffs argue that, pursuant to Rule 12(h) of the Federal Rules of Civil Procedure, the Grocers waived their right to assert a Rule 19(a) motion by waiting until the eve of trial. However, Rule 12(h) only provides that a party waives any defense listed in Rule 12(b)(2)-(5). Fed.R.Civ.P. 12(h)(1). It does not refer to the Rule 12(b)(7) defense of failure to join a party under Rule 19. *Id.* Moreover, Rule 12(h)(2) provides that the defense of failure to join a party may be raised at trial. Fed.R.Civ.P. 12(h)(2)."). Even where a party previously filed a Rule 12 motion to dismiss, a successive Rule 12 motion may be filed. *See T.B. v. Chico Unified School Dist.*, No. 2:07-CV-926-GEB-CMK, 2008 WL 5382060, *1 (E.D. Cal. Dec. 22, 2008) ("'Where a successive Rule 12[ ] motion is not brought in bad faith or for dilatory purposes, and resolution of the motion would expedite the case, a court may exercise its discretion and relax the commands of Rule 12(g) in order to resolve the successive motion.'") (citing *Ass'n of Irritated Residents v. C & R Vanderham Dairy*, No. CIV F 05-1593, 2006 WL 2644896, *7 (E.D. Cal. Sept. 14, 2006)). Moreover, FRCP 12(g)(2)'s limit on successive Rule 12 motions only applies where the motion raises a defense or objection "that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). As discussed herein, at the time Defendants filed their initial Rule 12 motion, they had verified admissions signed by Plaintiffs that *conclusively established* Plaintiffs were *not* the legal owners. This changed when Plaintiffs were granted relief to amend their admissions.

> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."

Fed. R. Civ. P. 19. On the other hand, if joinder of the party is not possible (i.e., where subject matter jurisdiction would not exist, or the party to be joined is not subject to service of summons), and the party is, in fact, "indispensable," then the motion to dismiss should be granted. <u>Cal. Prac. Guide: Fed. Civ. Pro. Before Trial</u> at ¶ 9:159 (citing *Shermoen v. U.S.*, 982 F.2d 1312, 1317 (9th Cir. 1992); *Thomas v. U.S.*, 189 F.3d 662, 667 (7th Cir. 1999)).

### A. Universal Polygram Claims Legal Ownership of the Copyrights at Issue, and Disposing of This Action in Universal Polygram's Absence May Subject Both Defendants and Plaintiffs to Double, Multiple, or Otherwise Inconsistent Liabilities.

Universal Polygram should be joined to avoid duplicative lawsuits and potentially inconsistent judgments, as well as to preserve judicial resources. Indeed, unless joinder is required, Defendants will be subject to another lawsuit from Universal Polygram for copyright infringement arising out of the *same compositions* in the *same shows*. The subsequent lawsuit easily could result in inconsistent judgments and duplicative damages claims against Defendants. More specifically, if this Court determines that Plaintiffs are the legal owners, but another Court determines that Universal Polygram is the legal owner, the resulting conflicting judgments would subject Defendants to duplicative damages claims. Even if the judgments are consistent, it is a waste of judicial resources to decide two lawsuits when all of the issues could (and should) be raised here.

Therefore, without Universal Polygram's involvement here, Defendants will be subject to duplicative lawsuits that could result in inconsistent judgments and

duplicative damages awards.  Defendants thus request that the Court join Universal Polygram to this action.  *Wales Industrial*, 612 F. Supp. at 517 (requiring joinder of nonparty in a copyright infringement action in order to avoid duplicative lawsuits against the defendant).

### B. Universal Polygram Claims Legal Ownership of the Copyrights at Issue; Disposing of This Action in Universal Polygram's Absence Will Impair or Impede Universal Polygram's Ability to Protect Its Interests.

Until the filing of Plaintiffs' First Amended Complaint, everybody (including Plaintiffs themselves) believed that Universal Polygram owned the legal interest in the composition copyrights.  Plaintiffs' new position that, in fact, they own the legal interests in the copyrights therefore *necessarily* effects Universal Polygram.  Unless joined as a party, Universal Polygram has no ability to protect its interests by asserting various defenses and arguments as to why Plaintiffs are not the legal owners of the compositions copyrights.

Indeed, unless joined as a party in this action, Universal Polygram may be barred by collateral estoppel from asserting in a subsequent proceeding that it is the legal owner of the copyrights at issue.  *Aguilar v. Los Angeles County*, 751 F.2d 1089, 1092-94 (9th Cir. 1985) (finding that a party should have been joined under Rule 19 because it otherwise would have been collaterally estopped from raising certain arguments in a subsequent proceeding).

Collateral estoppel will attach if: (1) an issue was decided in a prior adjudication that is identical to the one presented in a subsequent litigation; (2) there was a final judgment on the merits in the prior action; and (3) the party against whom the doctrine is asserted is in privity with a party in the prior lawsuit.  *Aguilar*, 751 F.2d at 1092; *Levy v. Cohen*, 19 Cal. 3d 165, 171 (1977).

Here, the first two elements of the collateral estoppel test easily are satisfied because it is clear that the issue of legal ownership litigated here will be identical in

any subsequent action initiated by Universal Polygram, and the parties should assume that the instant lawsuit will result in a final judgment on the merits.

The third collateral estoppel element (privity) also is satisfied because Universal Polygram and its successors in interest have been the publisher of Plaintiffs' compositions for over 40 years.  Plaintiffs have relied on Universal Polygram to license the compositions at issue, and Plaintiffs have accepted payment from Universal Polygram as the result of such licensing.  *Jones v. Craig*, 212 F.2d 187, 187-88 (2nd Cir. 1954) (finding privity between a writer and his publisher for purposes of res judicata); *E.E.O.C. v. Peabody Western Coal Co.*, 400 F.3d 774, 780 (9th Cir. 2005) (concluding that a party was necessary to the action because, among other things, it was a signatory to the lease at issue in the litigation and complete relief therefore could not be had without joining the party); *see also Clemmer v. Hartford Ins. Co.*, 22 Cal. 3d 865, 875 (1978) ("Privity is a concept not readily susceptible of uniform definition. Traditionally it has been held to refer to an interest in the subject matter of litigation acquired after rendition of the judgment through or under one of the parties, as by inheritance, succession or purchase. **The concept has also been expanded to refer to a mutual or successive relationship to the same rights of property, or to such an identification in interest of one person with another as to represent the same legal rights** and, more recently, to a relationship between the party to be estopped and the unsuccessful party in the prior litigation which is 'sufficiently close' so as to justify application of the doctrine of collateral estoppel.") (emphasis added; internal citations omitted).  It follows that Universal Polygram is in privity with Plaintiffs and will be collaterally estopped from raising the legal ownership argument in a subsequent lawsuit.

Even if Universal Polygram will not be collaterally estopped from raising the issue of legal ownership in a subsequent proceeding, it still must be joined in the instant action because it will be effected by the affirmative defenses asserted by Defendants in this action.  Defendants contend that any action for infringement

10

1    brought by Universal Polygram will be barred by laches or the statute of limitations
2    because Universal Polygram had actual knowledge of the alleged infringement more
3    than three years before the parties signed a tolling agreement.  Defendants further
4    claim, because Plaintiffs are the beneficial owners and their rights are derivative of
5    Universal Polygram's, that **Plaintiffs' claims are barred by Universal Polygram's**
6    **inaction**.  3 Nimmer on Copyright § 12.02[C] at 12-57 (with regard to "[w]ho
7    constitutes the 'beneficial' owner of a copyright" under § 501(b), "[p]resumably,
8    reference is intended to the general law of trusts."); Restatement (Second) of Trusts §
9    327 ("[I]f the trustee is barred by the Statute of Limitations or by laches from
10   maintaining an action against a third person with respect to the trust property, the
11   beneficiary is precluded from maintaining an action against the third person.");
12   *DeTarr v. Texaco, Inc.*, 267 Cal. App. 2d 872, 874 (1968) ("[W]hen the trustee is not
13   in collusion with the wrongdoer, the trustee's delay also bars the beneficiaries.").
14          Adjudication of these affirmative defenses will implicate Universal Polygram's
15   rights. *See Wales Industrial Inc. v. Hasbro Bradley, Inc.*, 612 F. Supp. 510, 517
16   (S.D.N.Y. 1985), *disagreed with on other grounds* by *Hasbro Bradley, Inc. v. Sparkle*
17   *Toys, Inc.*, 780 F.2d 189 (2d Cir. 1985) ("As a nonparty, of course, Takara would not
18   be bound by a judgment of this Court declaring such copyrights invalid; nevertheless,
19   such a judgment may, as a practical matter, impair or impede Takara's ability to
20   protect its interest in the subject matter of the action.").  Accordingly, Universal
21   Polygram should be brought into the action.
22   ///
23   ///
24   ///
25
26
27
28

DEFENDANTS' NOTICE OF MOTION AND
MOTION TO DISMISS OR JOIN UNIVERSAL POLYGRAM

Doc. # CC-225156 v.1

## IV. CONCLUSION

Plaintiffs have refused to join Universal Polygram to this action, despite the clear need for their involvement in this case. Plaintiffs not only seek to deprive Universal Polygram of its claim to legal ownership of copyrights, but also, Defendants' affirmative defenses *require* an adjudication of Universal Polygram's rights. Moreover, without Universal Polygram's involvement, Defendants are subject to duplicative lawsuits that could result in inconsistent judgments and duplicative damages awards. For each of these reasons, Defendants respectfully request that the Court dismiss Plaintiffs' First Amended Complaint or, in the alternative, order that Universal Polygram must be joined to this action.

Dated: April 19, 2010                    STEPTOE & JOHNSON LLP

                                         By:   /s/ Dylan Ruga
                                               Dylan Ruga
                                               Attorneys for Defendants
                                               Univision Communications Inc.
                                               and Galavision Inc.


Dated: April 19, 2010                    SIDLEY AUSTIN LLP

                                         By:   /s/ Carly S. Steinbaum
                                               Carly S. Steinbaum
                                               Attorneys for Defendants
                                               Xenon Pictures, Inc.
                                               and LionsGate Entertainment, Inc.